(No. 41765.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. WILLIAM HART, Appellant.

*Opinion filed September 20, 1972*

LANCE HADDIX, of Wheaton, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and WILLIAM D. WOLTER, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, William Hart, appeals from the judgment of the circuit court of Cook County denying, after an

evidentiary hearing, his petition for relief filed under the Post-Conviction Hearing Act (Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*). The record shows that petitioner was charged with theft of an automobile, entered a plea of not guilty, waived jury trial, and a bench trial commenced. At the close of the evidence for the defense, the trial was recessed until the next day. The following morning petitioner withdrew his plea of not guilty, entered a plea of guilty and was sentenced to the penitentiary. He filed a post-conviction petition *pro se,* counsel was appointed, a hearing held, and the trial court, finding that petitioner's guilty plea had been understandingly and voluntarily made, entered the judgment from which petitioner appeals.

Petitioner contends here that in being sentenced upon his plea of guilty he was denied due process of law for the reason that the evidence adduced at the trial, as a matter of law, is insufficient to sustain a conviction on the charge of theft. The testimony shows that an automobile was stolen and that the next day petitioner was arrested while sleeping in the stolen vehicle. Petitioner argues that there was not sufficient evidence adduced to invoke the presumption which arises from the unexplained possession of recently stolen property and that the judgment entered upon the guilty plea is invalid. The record shows that the crime was committed, and by his plea of guilty petitioner waived proof that he was the perpetrator. Assuming, *arguendo,* that on appeal from a finding of guilty petitioner might have prevailed upon the contention that the evidence was insufficient to support the conviction, the record presents no constitutional issue cognizable in a post-conviction proceeding.

Petitioner contends next that there was no probable cause for his arrest and it was therefore illegal. The guilty plea waived the question of the legality of the arrest (*People v. Scott, 29 Ill.2d 429*). We note further that the record presents no issue of search and seizure, there is no

contention made with respect to any statement or admission attributed to petitioner, and the record shows no constitutional issue cognizable in a post-conviction proceeding.

The arresting police officer testified that at the time when he found petitioner sleeping in the stolen car and arrested him, there were two men standing nearby. They were neither questioned nor arrested. Petitioner argues that an inference should be drawn that these men and not petitioner, were in possession of the stolen vehicle and that this inference is sufficient to overcome the presumption arising from petitioner's apparent exclusive possession of the automobile. The record presents a basis for conjecture that the two men were friends of petitioner about whom one of his witnesses testified and also presents the possibility that they were merely bystanders. The record does not support the contention that failure to arrest the two men or call them as witnesses served to deprive petitioner of any substantial constitutional right.

Petitioner's final contention is that the guilty plea was coerced by the trial attorney and that he was not fully admonished by the trial court prior to entering it. At the hearing on the post-conviction petition the attorney who represented petitioner during the bench trial and at the time of the plea of guilty testified that the only issue in the trial of the case was whether a person arrested while sleeping in an automobile is in possession of it. He stated that after both sides had rested, he and the prosecutor argued this issue before the court, that the trial judge indicated he would rule it was possession, that his (the attorney's) research of the law indicated it could be considered possession, that the prosecutor informed him he would recommend a two to four year sentence if there was a plea of guilty and a longer sentence, probably 5 to 10 years, if the case was tried to conclusion, that he conferred with the petitioner and his wife and that he then recommended the plea of guilty. The testimony of

petitioner and his wife corroborated that of the trial attorney. Petitioner stated, however, that he did not really want to plead guilty but relied on the advice of his attorney when he entered the plea.

Petitioner also stated that he would like to have testified at his trial but his attorney recommended that he not testify. The trial attorney testified that he made his recommendation because petitioner had two previous convictions for auto theft and one for robbery, that he would have testified that two men had given him a ride in the stolen car and the arresting officer had already testified that petitioner told him that at the time of the arrest.

A guilty plea is not illegally coerced simply because the prosecution agrees to recommend a lesser sentence than would be recommended if the conviction resulted from a trial. The record shows a reasonable basis for trial counsel's recommendations and fails to support the contention that the plea was coerced.

The transcript of the proceedings when the plea of guilty was entered and accepted shows that the court fully admonished petitioner as to the consequences of his plea and that it was voluntarily and knowingly made after he had been fully and competently advised by counsel. It is true, as petitioner contends, that the transcript does not reflect that there were plea negotiations, but these proceedings were had long before adoption of Rule 402 in its present form. (50 Ill.2d R. 402.) The record fails to show the denial of any substantial constitutional right and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*