THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ONE 1946 BUICK, VIN 34423520, Defendant-Appellee.

First District (4th Division)  No. 87—0040

Opinion filed December 17, 1987.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Paula Carstensen, Assistant State's Attorneys, of counsel), for the People.

Richard Jaffe, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The State's Attorney of Cook County brought this action for a declaration of forfeiture against a 1946 Buick under the provisions of the Illinois Controlled Substances Act. (Ill. Rev. Stat. 1985, ch. 56½, par. 1505(a)(3).) The trial court denied the requested relief and the State appeals.

Chicago police officer John D. Haugh testified that at 1:20 a.m. on March 10, 1986, he stopped a 1946 Buick, which was owned and driven by Samuel Smith, after he observed the vehicle fail to stop at a stop sign. He approached Smith and saw him emptying a white package onto the floor of the vehicle. It was stipulated that the substance recovered was 0.33 grams of cocaine and that Samuel Smith pleaded guilty to possession of a controlled substance and was sentenced to 30 months' probation.

The section of the Controlled Substances Act under which this action was brought provides as follows:

"(a) The following are subject to forfeiture:

* * *

(3) all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate any violation of this Act." (Ill. Rev. Stat. 1985, ch. 56½, par. 1505(a)(3).)

There is also a similar provision for forfeiture under the Criminal Code of 1961 which refers back to the Controlled Substances Act. That provision states:

"Any vessel, vehicle or aircraft used with the knowledge and consent of the owner in the commission of, or in the attempt to commit *** an offense prohibited by *** (b) Section 401, 402, 403, 404, 406(b) or 407 of the 'Illinois Controlled Substances Act,' *** may be seized and delivered forthwith to the sheriff of the county of seizure." (Ill. Rev. Stat. 1985, ch. 38, par. 36—1.)

In *People v. One 1985 Chevrolet Camaro* (1986), 149 Ill. App. 3d 609, 500 N.E.2d 1023, the court found these two provisions to be in *pari materia.* Consequently, they must be construed together as though they were one statute.

The State appears to make two arguments on appeal. First, the State interprets the forfeiture provision of the Controlled Substances Act (Act) to allow forfeiture in situations where the vehicle is used merely to transport a controlled substance. According to this interpretation, it is not necessary for the State to show that the vehicle was

used, in the words of the Act, "to facilitate any violation of this Act." Ill. Rev. Stat. 1985, ch. 56½, par. 1505(a)(3).

■ We do not believe that this interpretation is supported by the language of the statute. As stated earlier, the forfeiture provision applies to vehicles "which are used, or intended for use, to transport, or in any manner to facilitate any violation of this Act." (Ill. Rev. Stat. 1985, ch. 56½, par. 1505(a)(3).) The import of this statute is to declare subject to forfeiture vehicles used to facilitate violations of the Act. The most obvious manner in which a vehicle can facilitate such violation, *i.e.*, by transporting controlled substances, is specifically listed. The statute then includes the words "or in any manner" to cover any other situation in which a vehicle could be utilized to facilitate a violation of the Act. We conclude from the wording of the statute that the legislature intended that there must be a nexus between the transportation of the controlled substance and the violation of the Act. That nexus, as clearly stated, is that the transportation must facilitate or be intended to facilitate such violation. In our view, transportation of a controlled substance, without more, is not sufficient to establish the nexus and is therefore insufficient to support a declaration of forfeiture.

The State's second argument is that the vehicle was in fact being used "to facilitate" Smith's possession of cocaine. As authority for this argument, the State cites *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 411 N.E.2d 592, which addressed a factual situation virtually indistinguishable from the one before us. In *Miller*, the defendant's vehicle was stopped for failing to make a complete stop at a stop sign. When the defendant stepped out of the vehicle, one of the police officers saw him drop from his pocket a small, plastic envelope containing what was later determined to be 0.08 grams of cocaine. The State sought to declare a forfeiture of the car based on section 36—1 of the Criminal Code, which allows forfeiture of any vehicle used "in the commission of *** an offense prohibited by *** the 'Illinois Controlled Substances Act.' " (Ill. Rev. Stat. 1985, ch. 38, par. 36—1.) The *Miller* court found the vehicle forfeitable, stating that "[w]hile there may be some question as to whether an automobile facilitates the actual possession of a very small amount of a controlled substance which is carried on the person of the driver, to the extent the automobile adds a dimension of privacy, however, it does facilitate the possession." *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 149-50, 411 N.E.2d 592, 593.

The *Miller* court has cast doubt upon its holding in *Miller* with its subsequent decision in *People ex rel. Barra v. Lee* (1984), 128 Ill. App.

3d 128, 470 N.E.2d 46. In *Lee,* the defendant was stopped by a police officer who observed the flashing yellow light of a street barricade in the rear of the defendant's vehicle. Upon discovering open liquor in the vehicle, the officer arrested the defendant. A search of her purse revealed a small plastic bag containing pills which were later determined to be controlled substances. The court granted the State's petition for forfeiture of the vehicle and the defendant appealed. On appeal, the State cited *Miller* for the proposition that the vehicle had been used to facilitate the defendant's possession of the controlled substances. The court in *People ex rel. Barra v. Lee* reversed the order of forfeiture and distinguished *Miller* by stating that there "[t]he contraband fell from the defendant's pocket, thus demonstrating that the defendant's pocket was neither a secure nor a secret place." (128 Ill. App. 3d at 130.) The court reasoned that the vehicle in *Miller* "thus afforded the defendant the exclusive means of privacy." *People ex rel. Barra v. Lee* (1984), 128 Ill. App. 3d 128, 130, 470 N.E.2d 46, 47.

■ To the extent that there is any vitality left in *Miller,* we take a contrary view. The specific issue we address here is whether the vehicle facilitated the offense of possession of a controlled substance. We believe the relationship between the vehicle and the offense of possession is too evanescent and far too insubstantial to facilitate the crime of possession. The vehicle was a mere happenstance incident to the arrest. To characterize the most tenuous connection between the vehicle and the offense of possession here as facilitating the offense could bring about Draconian results. There is no bright line to distinguish between what is or is not sufficient to support a finding that a vehicle was used to facilitate a violation of the Act any more than there is one to determine when evidence is or is not sufficient to sustain a conviction beyond a reasonable doubt. These are factual matters and the courts must draw lines. We would draw the line here and state that mere possession of a small amount of a controlled substance while in a vehicle is insufficient to support a finding that the vehicle was being used to facilitate the offense of possession of a controlled substance.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.