374

(No. 66468.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. 1946 BUICK, VIN 34423520, Appellee.

*Opinion filed March 29, 1989.*

WARD, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Kenneth T. McCurry, John R. Roe and Inge Fryklund, Assistant State's Attorneys, of counsel), for the People.

Joseph R. Lopez, P.C., of Chicago, for appellee.

CHIEF JUSTICE MORAN delivered the opinion of the court:

On July 2, 1986, the Cook County State's Attorney filed a complaint requesting forfeiture of a 1946 Buick automobile bearing vehicle identification number 34423520. The complaint was filed pursuant to section 505(a)(3) of the Illinois Controlled Substances Act (Act). (See Ill. Rev. Stat. 1985, ch. 56½, par. 1505(a)(3).) Section 505(a)(3) provides that a vehicle is subject to forfeiture if it is "used *** in any manner to facilitate any violation of this Act." The circuit court denied the relief requested and ordered the vehicle released to the claimant, Samuel Smith. The State appealed and the appellate court affirmed. (164 Ill. App. 3d 963.) We granted the State's petition for leave to appeal (107 Ill. 2d R. 315(a)).

The issue presented for review is whether the circuit court erred in holding that the vehicle was not subject to forfeiture under section 505(a)(3) of the Act.

The following undisputed facts were adduced at the forfeiture hearing. On March 10, 1986, two Chicago police officers on patrol observed Smith driving his 1946 Buick automobile. When Smith failed to stop at a stop

sign at 113th and Halsted Streets in Chicago, Illinois, the officers signalled Smith to stop his vehicle. As the officers approached the vehicle, they observed Smith "empt[y] a white packet to the floor of the vehicle." Smith was arrested and charged with possession of a controlled substance. The substance recovered from the floor of the vehicle was 0.33 grams of cocaine.

After reviewing the evidence, the court held that the legislature did not intend "for a situation like this to result in forfeiture of the vehicle." It ordered the vehicle released to Smith, and the State appealed.

The appellate court affirmed the trial court's order. The court relied upon the doctrine of *in pari materia*. The doctrine of *in pari materia* states that when two statutes are concerned with the same subject matter, they are to be construed together. (See *People v. One 1985 Chevrolet Camaro* (1986), 149 Ill. App. 3d 609.) It then held that section 505(a)(3), the section under which the State filed the present forfeiture complaint, was to be read *in pari materia* with section 36—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 36—1). Section 36—1 states:

> "Any vessel, vehicle or aircraft used with the knowledge and consent of the owner in the commission of, or in the attempt to commit \*\*\* an offense prohibited by \*\*\* Section 401, 402, 403, 404, 406(b) or 407 of the 'Illinois Controlled Substances Act,' \*\*\* may be seized and delivered forthwith to the sheriff of the county of seizure." (Ill. Rev. Stat. 1985, ch. 38, par. 36—1.)

Reading the two statutes together, it interpreted section 505(a)(3) to require that "there \*\*\* be a nexus between the transportation of the controlled substance [in the vehicle] and the violation of the Act. That nexus \*\*\* is that the transportation must facilitate or be intended to facilitate such violation." (164 Ill. App. 3d at 965.) It rejected the State's argument and the holding in *People ex*

*rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 149-50, that a vehicle facilitates possession of a controlled substance in that it "adds a dimension of privacy." The court concluded that Smith's "vehicle was mere happenstance incident to the arrest," and held that it was not being used to facilitate the possession of a controlled substance.

Here, Smith relies, as did the appellate court, upon the doctrine of *in pari materia,* and contends that sections 505(a)(3) and 36—1 must be read together because they are concerned with the same subject matter. Reading the sections together, Smith concludes that his vehicle is not subject to forfeiture because there is an insufficient nexus between the automobile and his possession of the cocaine.

In relying on the doctrine of *in pari materia,* both the appellate court and Smith ignore a threshold question. It is fundamental that before the rule of *in pari materia* is applied, the statute to be construed must be found to be ambiguous. (*Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 219; 2A A. Sutherland, Statutory Construction §51.01 (4th ed. 1984).) We see no reason to apply the doctrine of *in pari materia* because the language of section 505(a)(3) is clear and unambiguous.

Section 505(a)(3) of the Act provides that a vehicle is subject to forfeiture if it is "used *** in any manner to facilitate any violation of [the] Act." As the appellate court and both parties correctly note, the key word in the statute is "facilitate." Facilitate means "[t]o make easier or less difficult." (Black's Law Dictionary 531 (5th ed. 1979).) Therefore, if the vehicle, with knowledge and consent of the owner, is used in any manner to make possession of the controlled substance easier or less difficult, the vehicle is subject to forfeiture.

In this case, it is undisputed that Smith emptied the packet of cocaine onto the floor of his vehicle in order to hide it from the view of the police. Having determined that the cocaine was hidden on the floor of the vehicle, the inescapable conclusion is that the vehicle was used, unsuccessfully in this case, to make Smith's continued possession of the drug easier. Consequently, his vehicle is subject to forfeiture under section 505(a)(3) of the Act.

The State asserts that the mere existence of a controlled substance on the person of a vehicle occupant subjects the vehicle to forfeiture. However, Smith not only possessed the drug on his person while in the vehicle, but used the vehicle to hide the cocaine from the police. Because we are not confronted with the precise factual situation posed by the State, we decline to address the argument.

Smith's final contention concerns the appropriate standard of review. Smith contends that we may only overturn the trial court's ruling if it is against the manifest weight of the evidence. However, because the facts are undisputed and the decision turns only on the proper interpretation of the statute, we may review the trial court's ruling as a matter of law. *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n* (1988), 171 Ill. App. 3d 948, 957.

For the foregoing reasons, the judgments of the appellate court and the circuit court are reversed, and the cause is remanded to the circuit court of Cook County with directions to enter the order of forfeiture.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded with directions.*

JUSTICE WARD took no part in the consideration or decision of this case.