THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* RICHARD M. DALEY, State's Attorney, Plaintiff-Appellant, v. 1986 HONDA, VIN JHMBB7230GC040153, Defendant-Appellee.

First District (3rd Division)   No. 1—88—1265

Opinion filed April 19, 1989.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund and Catharine M. Forest, Assistant State's Attorneys, of counsel), for the People.

Joseph A. Macaluso, of Chicago (Robert J. Shelist, of counsel), for appellee.

JUSTICE McNAMARA* delivered the opinion of the court:

Plaintiff, the State's Attorney of Cook County, brought this action for a declaration of forfeiture as to the subject 1986 Honda pursuant to the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1505). The trial court denied the requested relief, and the State appeals.

Illinois State police officer Thomas Hoffman testified that on April 8, 1987, he was in an unmarked car and stopped at a red light when he observed a 1986 Honda stopped next to his car. The driver and owner, claimant Joanne Rovario, held a one-inch hand-rolled cigarette between her thumb and forefinger nails, and puffed quickly several times. Hoffman ordered Rovario to pull over. When he approached, he smelled cannabis and removed the marijuana cigarette from the open ashtray. Following the seizure of the car, Hoffman con-

---

*Justice McNamara participated in this opinion prior to his transfer to the sixth division.

ducted a search. In the locked glove box he found marijuana in a clear plastic bag. In Rovario's purse were matchboxes containing cocaine, a razor, a small thin straw, amphetemines and Valium.

In the underlying criminal action, Rovario pled guilty to possession of less than 15 grams of a substance containing cocaine. (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b).) The parties stipulated that Rovario possessed less than one gram of cocaine. The trial court sentenced Rovario to 30 months' probation.

In these forfeiture proceedings, the trial court relied on a holding of this court. (*People v. One 1946 Buick* (1987), 164 Ill. App. 3d 963, 518 N.E.2d 397.) That decision was recently reversed in supreme court case No. 66468 (127 Ill. 2d 374). The trial court here found the vehicle was not subject to forfeiture because the cocaine was concealed in Rovario's purse and thus the vehicle did not facilitate the concealment or possession of the drug.

The Illinois forfeiture statute subjects to forfeiture all vehicles "which are used, or intended to use, to transport, or in any manner to facilitate *any violation of this Act.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 56½, par. 1505(a)(3).) Our supreme court found the language of section 505(a)(3) to be clear and unambiguous. *People v. 1946 Buick*, 164 Ill. App. 3d 963, 518 N.E.2d 397.

■ The State must show, by a preponderance of the evidence, probable cause that the vehicle was used in the commission of an offense. Probable cause can be shown if reasonable grounds exist for the belief of guilt, supported by less than *prima facie* proof but more than a mere suspicion. (*In re Twenty-Seven Thousand Four Hundred Forty Dollars* (1987), 164 Ill. App. 3d 44, 517 N.E.2d 704; *People v. Strong* (1986), 151 Ill. App. 3d 28, 502 N.E.2d 744.) Probable cause may be shown by circumstantial evidence. *United States v. One 1984 Mercedes Benz* (D. Haw. 1987), 673 F. Supp. 387.

■ Courts must strictly enforce statutory forfeiture provisions and there is little, if any, discretion in forfeiture cases. (*United States v. One 1977 Chevrolet Pickup* (D. Colo. 1980), 503 F. Supp. 1027, citing *United States v. One 1973 Dodge Van* (E.D. Mich. 1976), 416 F. Supp. 43.) The words of the statute must be read in a reasonable, commonsense manner. (*1957 Chevrolet v. Division of Narcotic Control of the Department of Public Safety* (1963), 27 Ill. 2d 429, 189 N.E.2d 347.) Under the plain language of the forfeiture statute, Rovario used her car "to transport, or in any manner to facilitate," possession of the cocaine, and then pled guilty to this "violation of [the] Act." Ill. Rev. Stat. 1987, ch. 56½, par. 1505(a)(3).

■ The term "facilitate" in section 505(a)(3) means to use the ve-

hicle "in any manner to make possession of the controlled substance easier or less difficult." (*People v. 1946 Buick*, 127 Ill. 2d at 377.) We find that the vehicle here was used to make possession of the cocaine easier. We note that the court in *People v. 1946 Buick* declined to address the issue of a vehicle occupant's mere possession of drugs on his person, because in *1946 Buick* the driver used the car to hide the cocaine from the police by emptying the packet of cocaine onto the car floor when stopped for a traffic violation. Similarly, Rovario just as deliberately, and unsuccessfully, sought to intentionally conceal the drugs, not on her person, but within the car.

We, of course, follow the holding of *People v. 1946 Buick*. We also adhere to the holding of this court in *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 411 N.E.2d 592. In the *Miller* case, forfeiture was ordered even where .08 grams of cocaine dropped accidentally from the driver's pocket as he stepped out of a car stopped for failing to heed a stop sign.

Having concluded that the trial court erred as a matter of law in holding that a vehicle cannot facilitate possession alone, and thereby serve as a basis for forfeiture, we proceed to determine whether the State and the claimant met their respective burdens of proof.

■ We find the State has met its burden. Rovario used the car with knowledge that she was transporting controlled substances. (See *People v. 1946 Buick*, 127 Ill. 2d 374 (a vehicle is subject to forfeiture where, with knowledge and consent of owner, it is used in any manner to make possession easier).) Rovario's admitted guilt of possession of the cocaine transported in the car is sufficient to prove "more than mere ownership of the 'guilty' vehicle." (*1957 Chevrolet v. Division of Narcotic Control of the Department of Public Safety*, 27 Ill. 2d 429, 189 N.E.2d 347.) The plain meaning of "transport" is simply to carry from one place to another. (*United States v. One Clipper Bow Ketch Nisku* (1st Cir. 1977), 548 F.2d 8.) Rovario was transporting the cocaine from her point of origin to her destination. A sufficient bond existed between the use of the car and the criminal offense. She smoked marijuana as she drove, carrying the cocaine in her purse and more marijuana in the glove compartment. Rovario apparently believed the car provided her with a dimension of privacy which would permit her to use, possess and transport controlled substances on the public streets. The car was not so far removed from the crime charged to be unaffected by the illegal possession. See *United States v. One 1973 Dodge Van* (E.D. Mich. 1976), 416 F. Supp. 43.

A person carrying drugs may use a car to be more elusive, move about at will, travel further, and escape observation, detection and

capture. (*United States v. One 1974 Cadillac Eldorado Sedan* (2d Cir. 1977), 548 F.2d 421, quoting *United States v. One 1972 Datsun* (D.N.H. 1974), 378 F. Supp. 1200.) A car facilitates the transportation of even small quantities of controlled substances to a great degree when compared to the dangers faced when riding on public transportation or walking. One can arrive and depart quickly, and can make capture more difficult where, *e.g.*, the police have received a tip that the individual would be carrying illegal drugs. See *United States v. 1966 Beechcraft Aircraft Model King Air* (4th Cir. 1985), 777 F.2d 947.

▮▮ ▮ Once the government has established probable cause, the burden shifts to the party claiming an interest in the vehicle to show by a preponderance of the evidence that the vehicle was not used in violation of the Act. (*United States v. One 1982 Buick Regal* (N.D. Ill. 1987), 670 F. Supp. 808; *United States v. One 1981 Cadillac Eldorado* (N.D. Ill. 1982), 535 F. Supp. 65; *United States v. One 1977 Chevrolet Pickup* (D. Colo. 1980), 503 F. Supp. 1027.) Claimant here has failed to establish by a preponderance of the evidence that the vehicle was not subject to forfeiture. In view of the overwhelming weight of authority, we are unpersuaded by claimant's defenses that the forfeiture statute is applicable because the quantity of cocaine found was small and because the cocaine was for personal use and not for resale. The facilitation requirement has been met.

▮ Finally, Rovario argues on appeal that forfeiture is improper because the initial stop of her car was illegal and that her sentence of probation was not a final order. We agree with the trial court that Rovario waived these issues when she entered a plea of guilty and was collaterally estopped to deny facts admitted in the criminal case. (See *People v. Del Vecchio* (1985), 105 Ill. 2d 414, 475 N.E.2d 840; *People v. Hart* (1972), 52 Ill. 2d 235, 287 N.E.2d 697.) At the forfeiture hearing, the trial court properly denied Rovario's motion to suppress the evidence from the criminal trial. See also *United States v. One 1975 Chevrolet K-5 Blazer* (W.D. Mich. 1980), 495 F. Supp. 737 (collateral estoppel applies; government can rely on facts adjudication in criminal trial to establish probable cause necessary for forfeiture).

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded with directions to enter an order of forfeiture.

Reversed and remanded with directions.

FREEMAN, P.J., and RIZZI, J., concur.