(No. 73369.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. 1988 MERCURY COUGAR (Kenneth McGowan, Appellant).

*Opinion filed December 4, 1992.*

28

George F. Taseff and Ronald L. Lewis, of Bloomington, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, Kenneth R. Baumgarten, and Jeffrey K. Davison, of the Office of the State's Attorneys Appellate Prosecutor, of Spring-

field, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

The State filed an *in rem* action in the circuit court of McLean County pursuant to section 505(a)(3) of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(3)), seeking forfeiture of a 1988 Mercury Cougar automobile. The State's complaint named Kenneth McGowan, the owner of the automobile, as an additional party. The complaint alleged that four-tenths (0.4) of a gram of cocaine, a controlled substance, was seized during a lawful search of the automobile. According to the State, the automobile was thus subject to forfeiture under the Act. The circuit court ordered the forfeiture of the vehicle to the State, and the appellate court affirmed the order. (225 Ill. App. 3d 876.) We allowed McGowan's petition for leave to appeal (134 Ill. 2d R. 315).

The record establishes that on May 4, 1990, McGowan was driving his 1988 Mercury Cougar when he was stopped by two Normal, Illinois, police officers for a traffic violation. The police officers subsequently discovered a substance that was later determined to be cocaine in a container on the rear floor of the automobile. McGowan was arrested and charged with the offense of unlawful possession of a substance containing less than 15 grams of cocaine, in violation of section 402(b) of the Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)). A violation of section 402(b) is a Class 4 felony. (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b).) McGowan pleaded guilty to the offense with which he was charged. He was sentenced to 30 months of probation and was ordered to pay a $400 fine and court costs.

While criminal charges were pending against McGowan, the State filed this civil action pursuant to section

505(a)(3) of the Act seeking forfeiture of McGowan's automobile. (Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(3).) Following the disposition of McGowan's criminal case, the State filed a motion for summary judgment in the civil forfeiture proceeding. McGowan filed a motion to dismiss the complaint, arguing that the forfeiture action was barred by the double jeopardy clauses of the United States and Illinois Constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10). McGowan argued that the forfeiture of his automobile constituted a second punishment for an act for which he had already been punished in a criminal proceeding.

Along with its motion for summary judgment, the State filed an affidavit from the police officer who arrested McGowan. The affidavit stated that as the officer approached McGowan's vehicle, he observed McGowan move a piece of carpet on the rear floor of his car. The officer asked McGowan to move the carpet so that the officer could observe what was beneath it. When McGowan did so, the officer saw a round green plastic container, which the officer recognized to be a grinder used for cocaine. The officer opened the container and found the white powdery substance which was later determined to be cocaine.

At a hearing on the motions, McGowan testified that he was a paraplegic with no use of his legs, and that his automobile was specially equipped with hand controls for the brakes and accelerator. McGowan purchased the vehicle at a cost of between $17,000 and $18,000. According to McGowan, the vehicle was worth between $8,000 and $10,000 at the time of the hearing. McGowan acknowledged that at the time of his arrest, he had in his possession inside the automobile four-tenths (0.4) of a gram of cocaine. McGowan testified that he had purchased the cocaine from another individual for $50. Following the arguments of counsel, the circuit court denied

McGowan's motion to dismiss, granted the State's motion for summary judgment and ordered the forfeiture of McGowan's 1988 Mercury Cougar.

I

The sole argument which McGowan expressly raises before this court is that the forfeiture of his car violates his rights under the double jeopardy provisions of the United States and Illinois Constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10) because he had already been criminally punished for the same conduct underlying the civil forfeiture action. McGowan does not contest the applicability of the statutory provision pursuant to which forfeiture of his automobile was sought. (See Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(3).) His brief, however, suggests that forfeiture is inappropriate in this case because his car is specially equipped for use by a disabled person and because a relatively small amount of cocaine was found in his car. Because McGowan's brief implicitly argues that the forfeiture statute is inapplicable here, we will address the issue of whether McGowan's automobile is subject to forfeiture under the statute.

The Illinois legislature has recognized "the rising incidence in the abuse of drugs and other dangerous substances and its resultant damage to the peace, health, and welfare of the citizens of Illinois." (Ill. Rev. Stat. 1989, ch. 56½, par. 1100.) Consequently, our legislature has determined that it is necessary to provide "a system of control over the distribution and use of controlled substances" which will "deter the unlawful and destructive abuse of controlled substances." (Ill. Rev. Stat. 1989, ch. 56½, par. 1100.) The forfeiture of automobiles used in connection with drug crimes is an important weapon in the effort to stem the unlawful use of harmful controlled substances. (See *People ex rel. Daley v. 1986 Honda*

(1989), 182 Ill. App. 3d 322, 325-26.) Accordingly, section 505(a)(3) of the Act provides that a vehicle is subject to forfeiture if it is "used, or intended for use, to transport, or in any manner to facilitate any violation of this Act." Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(3).

This court recently construed section 505(a)(3) in *People v. 1946 Buick* (1989), 127 Ill. 2d 374. In that case, two police officers stopped an automobile for a traffic violation. As they approached the car, the officers observed the driver, who later was determined to be the owner of the automobile, emptying a packet containing a white powdery substance onto the floor of the vehicle. The substance recovered from the floor of the vehicle proved to be thirty-three hundredths (0.33) of a gram of cocaine. In determining whether section 505(a)(3) applied under those circumstances, this court noted that "the key word in the statute is 'facilitate.' " (*1946 Buick*, 127 Ill. 2d at 377.) The court pointed out that " 'facilitate' " simply means " '[t]o make easier or less difficult.' " (*1946 Buick*, 127 Ill. 2d at 377, quoting Black's Law Dictionary 531 (5th ed. 1979).) Accordingly, the court held, if a vehicle "is used in any manner to make possession of the controlled substance easier or less difficult, the vehicle is subject to forfeiture." *1946 Buick*, 127 Ill. 2d at 377.

In *1946 Buick*, this court noted that the owner of the automobile had emptied the cocaine onto the floor of the automobile in an attempt to hide it from police. Because the car was used in an attempt to hide the cocaine, the court concluded, the owner of the car intended to use the car to make his possession of the controlled substance easier by preventing the police from finding the cocaine. The car, therefore, "facilitated" the owner's possession of cocaine and was subject to forfeiture under section 505(a)(3). *1946 Buick*, 127 Ill. 2d at 378.

The facts of this case are remarkably similar to the facts of *1946 Buick*. Here, McGowan attempted to hide his cocaine under a carpet on the rear floor of his automobile when he saw a police officer approaching. As in *1946 Buick*, McGowan clearly intended to use his car to make his possession of cocaine easier by preventing police from finding the cocaine. We therefore conclude that the car "facilitated" his possession and is subject to forfeiture pursuant to section 505(a)(3). See also *1986 Honda*, 182 Ill. App. 3d at 324-25.

McGowan's brief suggests that because his vehicle is specially equipped for use by a disabled person, he should be given special consideration and his automobile should not be forfeited. No statutory exception to forfeiture exists, however, for automobiles that are specially equipped for use by persons with physical disabilities. McGowan's physical disability did not prevent him from committing the Class 4 felony of possession of a substance containing less than 15 grams of cocaine. (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b).) Thus, he must suffer the same consequences that a nondisabled person would face under the same circumstances. McGowan also suggests, without citing any authority, that an exception to forfeiture should be made in cases where a relatively small amount of a controlled substance is seized from an automobile. Section 505(a)(3), however, does not contain such an exception.

We note that our interpretation of section 505(a)(3) is consistent with interpretations of 21 U.S.C. §881(a)(4) (1988), the Federal forfeiture provision which is substantially similar to section 505(a)(3) of the Illinois Act. Our research of cases decided pursuant to 21 U.S.C. §881(a)(4) has revealed no case law establishing an exception to forfeiture where an automobile is specially equipped for use by a disabled person. Further, the Federal courts have rejected the suggestion that an excep-

tion to forfeiture should exist where a relatively small amount of a controlled substance is found in an automobile. See *United States v. One 1977 Chevrolet Pickup* (D.C. Colo. 1980), 503 F. Supp. 1027; *United States v. One 1973 Jaguar Coupe* (D.C.N.Y. 1977), 431 F. Supp. 128; *United States v. One 1975 Mercury Monarch* (S.D.N.Y. 1976), 423 F. Supp. 1026; *United States v. One 1973 Dodge Van* (S.D. Mich. 1976), 416 F. Supp. 43.

Our legislature recently expressed its approval of 21 U.S.C. §881(a)(4) when it amended the Illinois Drug Asset Forfeiture Procedure Act to provide:

"The General Assembly further finds that the federal narcotics civil forfeiture statute upon which this Act is based has been very successful in deterring the use and distribution of controlled substances within this State and throughout the country. It is therefore the intent of the General Assembly that the forfeiture provisions of this Act be construed in light of the federal forfeiture provisions contained in 21 U.S.C. 881 as interpreted by the federal courts, except to the extent that the provisions of this Act expressly differ therefrom." (Pub. Act 87—614 §5, eff. Sept. 18, 1991 (amending Ill. Rev. Stat. 1991, ch. 56½, par. 1672).)

Our conclusion that McGowan's automobile is subject to forfeiture pursuant to section 505(a)(3) is consistent with decisions of the Federal courts construing 21 U.S.C. §881(a)(4). This consistency in result is in keeping with our legislature's approval of the Federal forfeiture scheme.

Our legislature has determined that such a sanction is appropriate in light of the massive societal problems caused by the unlawful use of harmful controlled substances. Requests to change the forfeiture provisions of the Act should be addressed to the legislature rather than to this court. See *People ex rel. Broch v. Hogg* (1991), 213 Ill. App. 3d 188, 195.

## II

We now turn to McGowan's argument that forfeiture of his automobile violates his right to be free from double jeopardy. It is well established that the double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664-65, 89 S. Ct. 2072, 2076; *Rehg v. Illinois Department of Revenue* (October 22, 1992), No. 72374.

McGowan claims that the forfeiture of his automobile violates the multiple-punishment prong of the double jeopardy clause. He asserts that he was punished once for his possession of cocaine in a criminal proceeding and that the forfeiture of his car constitutes a second punishment for that same offense. As support for his claim, McGowan cites the United States Supreme Court's recent decision in *United States v. Halper* (1989), 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892. In that case, the Court recognized that a disproportionately large civil sanction imposed upon a defendant who has already sustained a criminal penalty for the same conduct may violate the multiple-punishment prong of the double jeopardy clause under certain circumstances.

We conclude, however, that *Halper* is inapplicable to civil forfeiture actions. The double jeopardy clause does not bar the government from bringing a civil action for forfeiture of an instrumentality of crime subsequent to a criminal conviction. Forfeiture of an instrumentality of crime does not violate the multiple-punishment prong of the double jeopardy clause because the sanction is not imposed upon the criminally convicted defendant.

Rather, the United States Supreme Court has emphasized:

"A forfeiture proceeding *** is *in rem*. It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution, it is the wrongdoer in person who is proceeded against, convicted and punished. The forfeiture is no part of the punishment for the criminal offense. [Citations.] The provision of the 5th Amendment to the Constitution in respect of double jeopardy does not apply." *Various Items of Personal Property v. United States* (1931), 282 U.S. 577, 581, 75 L. Ed. 558, 561, 51 S. Ct. 282, 284.

More recently, the United States Supreme Court upheld the forfeiture of a yacht upon which just one marijuana cigarette was found. (*Calero-Toledo v. Pearson Yacht Leasing Co.* (1974), 416 U.S. 663, 40 L. Ed. 2d 452, 94 S. Ct. 2080.) Although *Calero-Toledo* did not involve the double jeopardy clause of the fifth amendment, the Court in that case emphasized that a forfeiture proceeding is brought against the instrumentality of a crime, rather than against the offender himself. The *Calero-Toledo* Court noted that the object of the forfeiture is " 'primarily considered as the offender ***. [T]he practice has been, and so this Court understand[s] the law to be, that the proceeding in rem stands independent of, and wholly unaffected by any criminal proceeding in personam.' " (*Calero-Toledo*, 416 U.S. at 684, 40 L. Ed. 2d at 468, 94 S. Ct. at 2092, quoting *The Palmyra* (1827), 25 U.S. (12 Wheat.) 1, 14-16, 6 L. Ed. 531, 535-36 (holding that a conviction for piracy was not a prerequisite to a proceeding to forfeit a ship allegedly engaged in piratical aggression).) The *Calero-Toledo* Court also noted, "Forfeiture of conveyances that have been used—and may be used again—in violation of the narcotics laws fosters the purposes served by the underlying criminal

statutes *** by preventing further illicit use of the conveyance ***." *Calero-Toledo,* 416 U.S. at 686-87, 40 L. Ed. 2d at 470, 94 S. Ct. at 2093-94.

We likewise conclude that the forfeiture of McGowan's automobile does not implicate the multiple-punishment prong of the double jeopardy clause. The forfeiture proceeding was initiated for the purpose of removing an instrument of crime. The forfeiture proceeding was an *in rem* proceeding directed at McGowan's automobile rather than against his person. The United States Supreme Court has recognized that an *in rem* forfeiture proceeding does not constitute a second punishment prohibited by the double jeopardy clause.

We note that *Halper* is inapplicable for another reason as well. In *Halper,* the government sought to impose a civil monetary penalty upon a defendant who had previously been convicted of Medicare fraud. The monetary penalty was imposed for the purported purpose of reimbursing the government for the amount of the defendant's fraud and for the costs the government incurred in investigating and prosecuting the defendant. The Court concluded that the sanction was so substantial that it could not be said to serve a remedial purpose, but was strictly punitive. (*Halper,* 490 U.S. at 448, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902.) Under *Halper,* a monetary sanction may implicate the multiple-punishment prong of the double jeopardy clause where it does not serve a remedial purpose. McGowan, relying upon *Halper,* argues that this court must weigh the value of his car against the street value of the cocaine which he was convicted of possessing in determining whether the forfeiture serves a remedial purpose or constitutes a second punishment.

*Halper,* however, has no application where the civil sanction is forfeiture of an instrument of a crime rather than a monetary penalty, because forfeiture always serves a remedial purpose. Forfeiture is not intended

solely to reimburse the State for the costs it incurs in investigating and prosecuting drug offenders. Forfeiture serves a remedial purpose because it deprives a perpetrator of the instrument of his crime, making it more difficult for the crime to be repeated. (*Calero-Toledo*, 416 U.S. at 686-87, 40 L. Ed. 2d at 470, 94 S. Ct. at 2093-94.) Thus, it is unnecessary to weigh the value of McGowan's car against the State's losses in order to determine whether the forfeiture furthers a remedial goal or constitutes a second punishment.

Our conclusion that *Halper* is inapplicable to forfeiture proceedings is consistent with decisions from the Federal courts and courts of other States. In *United States v. McCaslin* (9th Cir. 1992), 959 F.2d 786, the court found no double jeopardy violation where the defendant was required to forfeit a $30,000 equity interest in property that was used to cultivate marijuana. The court noted that *"Halper* has no application to the very ancient practice by which instrumentalities of a crime may be declared forfeit to the government." *McCaslin*, 959 F.2d at 788. See also *United States v. One Parcel of Real Property* (1st Cir. 1992), 960 F.2d 200, 206-07 (noting that "proportionality analysis is inappropriate in civil forfeiture cases"); *United States v. A Parcel of Land with a Building Located Thereon* (1st Cir. 1989), 884 F.2d 41; *Allen v. State* (1992), 91 Md. App. 775, 605 A.2d 994; *In re a Parcel of Real Property* (Ariz. App. 1990), 801 P.2d 432.

McGowan also argues that the forfeiture of his automobile constitutes punishment within the meaning of the multiple-punishment prong of the double jeopardy clause because he is physically disabled and dependent upon his specially equipped automobile for transportation. The determination of whether a civil sanction constitutes punishment within the meaning of the multiple-punishment prong of the double jeopardy clause, however, is not

based upon a defendant's particular circumstances, including any physical disability. Rather, whether a subsequent civil sanction is permissible depends upon whether it serves a remedial purpose or is intended strictly for punishment. (*Halper*, 490 U.S. at 447 n.7, 104 L. Ed. 2d at 501 n.7, 109 S. Ct. at 1901 n.7.) Here, as stated, the civil sanction of forfeiture serves a remedial purpose. The United States Supreme Court has acknowledged that "for the defendant even remedial sanctions carry the sting of punishment." *Halper*, 490 U.S. at 447 n.7, 104 L. Ed. 2d at 501 n.7, 109 S. Ct. at 1901 n.7.

For the foregoing reasons, we conclude that section 505(a)(3) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(3)) applies under the circumstances of this case and that the forfeiture of McGowan's automobile does not violate his rights under the double jeopardy provisions of the United States Constitution or the Illinois Constitution (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10). Accordingly, we affirm the judgment of the appellate court affirming the circuit court's order of forfeiture.

*Affirmed.*