THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ONE 1986 WHITE MAZDA PICKUP TRUCK, VIN JM2UF1118G0577930, Defendant (Mark Brown, Claimant-Appellee).

Second District   No. 2—92—0666

Opinion filed September 23, 1993.

David R. Akemann, State's Attorney, of Geneva (Heidi Baxter, Assistant State's Attorney, and William L. Browers, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Fred M. Morelli, Jr., of Law Offices of Morelli & Cook, and Wilson Burnell, both of Aurora, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The State filed a complaint requesting forfeiture of a 1986 Mazda pickup truck pursuant to section 505(a)(3) of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1991, ch. 56½, par. 1505(a)(3) (now 720 ILCS 570/505(a)(3) (West 1992))), alleging that the truck was used to facilitate the possession of cocaine that claimant Mark Brown was carrying on his person when he was arrested. The trial court denied the request, and the State appeals. The sole issue presented on appeal is whether the trial court erred in denying the request for forfeiture.

At the forfeiture hearing, the parties stipulated that Mark Brown was stopped in his truck on October 9, 1991, due to a warrant which had issued for Brown's failure to appear on a traffic violation. The police officer searched Brown. Brown had a clear plastic straw in his right interior coat pocket and a plastic bag containing cocaine in his underwear. Subsequent tests established that the straw contained traces of cocaine. The total weight of the substance containing cocaine was 3.5 grams. Defendant pleaded guilty to possession of a controlled substance. See Ill. Rev. Stat. 1991, ch. 56½, par. 1402 (now 720 ILCS 570/402 (West 1992)).

On appeal, the State argues that the trial court erred in denying the complaint for forfeiture of Brown's truck because it "facilitated" Brown's possession of the cocaine within the meaning of the forfeiture statute. The forfeiture statute provides:

"(a) The following are subject to forfeiture:

(1) all substances which have been manufactured, distributed, dispensed, or possessed in violation of this Act;

(2) all raw materials, products and equipment of any kind which are used, or intended for use in manufacturing, distributing, dispensing, administering or possessing any substance in violation of this Act;

(3) all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraphs (1) and (2) ***." (Ill. Rev. Stat. 1991, ch. 56½, par. 1505(a) (now 720 ILCS 570/505(a) (West 1992)).)

The question presented by the facts of this case, whether the mere existence of a controlled substance on the person of a vehicle occupant subjects the vehicle to forfeiture, has never been addressed by the Illinois Supreme Court or this court.

We may review the trial court's ruling as a matter of law because the facts are undisputed. (*People v. 1946 Buick* (1989), 127 Ill. 2d 374, 378.) We reject the State's argument that the statute at issue should be construed in light of Federal forfeiture provisions as interpreted by the Federal courts. (See 21 U.S.C.A. §881 (West Supp. 1993).) The State bases its argument on the declaration of legislative intent in the Drug Asset Forfeiture Procedure Act (see Ill. Rev. Stat. 1991, ch. 56½, par. 1672 (now 725 ILCS 150/2 (West 1992))). That declaration of legislative intent relates to the provisions of that act. The forfeiture statute at issue is a part of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1991, ch. 56½, par. 1100 *et seq.* (now 720 ILCS 570/ 100 *et seq.* (West 1992))), and that act has its own statement of legislative intent which does not suggest that its provisions be interpreted according to Federal law. See Ill. Rev. Stat. 1991, ch. 56½, par. 1100 (now 720 ILCS 570/100 *et seq.* (West 1992)).

A review of the case law on the issue presented reveals very few cases with similar facts to those in the present case. The Appellate Court, Third District, has addressed the issue whether a vehicle is subject to forfeiture under several fact patterns. In *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, defendant carried the contraband in his pocket, but it fell out. In *People ex rel. Barra v. Lee* (1984), 128 Ill. App. 3d 128, the contraband was within a purse in the vehicle driven by the defendant. In justifying the different results reached, the court stated that in *Miller* it was clear from the fact that the contraband fell out of the occupant's pocket that the vehicle offered the exclusive means of privacy and therefore the vehicle was used in the commission of an offense. (See Ill. Rev. Stat. 1981, ch. 38, par. 36—2 (now codified, as amended, at 720 ILCS 5/36—2 (West 1992)).) In contrast, the vehicle in *Lee* was not subject to forfeiture where the contraband was completely concealed in a purse because the vehicle did not facilitate the commission of the offense by affording additional privacy. (*Lee*, 128 Ill. App. 3d at 130.) In two more recent cases, the Appellate Court, Third District, held that, where the controlled substance was in a Tupperware container in a vehicle's glove compartment that vehicle was subject to forfeiture (*People ex rel. Vandersnick v. One 1987 Dodge Charger Automobile* (1990), 193 Ill. App. 3d 547, 553), and contraband located in a wallet in a glove compartment of a vehicle subjected the vehicle to forfeiture. (*People v. One 1986 Ford Ranger Pickup Truck* (1991), 213 Ill. App. 3d 1085, 1089.) Obviously, these two later cases have facts distinguishable from those in the case before us because here the contraband was con-

cealed within the clothing of the person of the defendant, not housed within a compartment of the vehicle.

The Appellate Court, Fifth District, examined a forfeiture statute in determining whether drugs in a bottle inside of a duffel bag which was located within a vehicle subjected the vehicle to forfeiture. The court held that it did not because there was no extra dimension of privacy afforded by the vehicle. (*People ex rel. Kilquist v. One 1978 Mazda G L C Automobile* (1988), 165 Ill. App. 3d 540, 543.) While *Mazda* was decided under a different forfeiture statute (see Ill. Rev. Stat. 1985, ch. 38, par. 36—2 (now 720 ILCS 5/36—2 (West 1992))), the case was still decided in terms of whether the vehicle "facilitated" the offense.

The Illinois Supreme Court has addressed the issue of forfeiture under section 505(a)(3) of the Act in *People v. 1946 Buick* (1989), 127 Ill. 2d 374. It held that forfeiture was proper where the owner and driver of the vehicle emptied a packet of cocaine onto the vehicle's floor in order to hide the drug from approaching police. The court interpreted the statute, noting that the key word in the statute is "facilitate." Relying on the definition of "[f]acilitate," which is "[t]o make easier or less difficult" (see Black's Law Dictionary 531 (5th ed. 1979)), the court held that the defendant used the vehicle, albeit unsuccessfully, to make the possession of the drug easier. The supreme court specifically declined to decide whether the mere existence of a controlled substance on the person of a vehicle occupant subjects the vehicle to forfeiture. *Buick*, 127 Ill. 2d at 378.

Although the supreme court declined to determine the issue presented before us today, two districts have held that the possession of drugs on the person of the vehicle occupant subjects the vehicle to forfeiture under section 505 of the Act. (See Ill. Rev. Stat. 1991, ch. 56½, par. 1505(a) (now 720 ILCS 570/505(a) (West 1992)).) The Appellate Court, First District, held that a person's vehicle was subject to forfeiture where cocaine, a razor, a small thin straw, amphetamines and Valium were within the driver's purse in the vehicle. The court found that the vehicle was used to make possession of the cocaine easier. (*People ex rel. Daley v. 1986 Honda* (1989), 182 Ill. App. 3d 322.) In so determining, the court noted that the driver "smoked marijuana as she drove, carrying the cocaine in her purse and more marijuana in the glove compartment." The court stated that the driver "apparently believed the car provided her with a dimension of privacy which would permit her to use, possess and transport controlled substances on the public streets." (*Honda*, 182 Ill. App. 3d at 325.) The *Honda* court stated that "[a] person carrying drugs may use a car to be more

elusive, move about at will, travel further, and escape observation, detection and capture." *Honda*, 182 Ill. App. 3d at 325-26.

The Appellate Court, Fourth District, followed *Honda* in *People ex rel. Broch v. Hogg* (1991), 213 Ill. App. 3d 188. In that case, the police officer stopped the defendant for driving a vehicle with tinted windows. After the police officer observed a straw containing a white residue on the floor of the passenger side, a field test revealed the white residue was positive for cocaine and the defendant was placed under arrest. During a search of the defendant, the police officer requested that he remove his shoes. Upon doing so, the defendant attempted to remove a substance containing cocaine from his sock and transfer it to his jacket pocket. The police officer noticed the movement and confiscated the cocaine. In holding that the vehicle should be forfeited, the appellate court expressed its opinion that the ruling in *Honda* rather than *Lee* was more consistent with the supreme court's opinion in *Buick*. *Hogg*, 213 Ill. App. 3d at 195.

Despite *Hogg*'s suggestion that *Honda* is consistent with the supreme court opinion in *Buick*, we fail to see any indication that the supreme court would decide this issue in favor of forfeiture. We decline to follow *Honda* and *Lee* to the extent that they suggest that when a person carrying a controlled substance concealed on his person steps into a vehicle that vehicle automatically facilitates the possession. As already noted, the supreme court stated that the key word in the forfeiture statute is "facilitate." We hold that where, as here, the use of the vehicle was entirely incidental to the possession of the controlled substance, it did not make the possession "easier or less difficult" as required by the key word "facilitate" in the forfeiture statute. In this case, the claimant did not use the vehicle in any manner to make or try to make possession easier. Rather, the controlled substance was already secreted on his person, and the use of the vehicle did not in any manner "facilitate" this violation of the Act. This construction of the statute at issue accords with the general rule that forfeitures are not favored at law and statutes authorizing them must be strictly construed in favor of the property owner. *People v. United States Currency $3,108* (1991), 219 Ill. App. 3d 441, 446.

Because we decide as a matter of statutory construction that the vehicle in this case did not "facilitate" a violation of the Act, we need not determine whether forfeiture under these circumstances would have resulted in an unconstitutional application of the statute. We do note, however, that claimant's specific challenge that forfeiture may be prohibited by the double jeopardy clause has been rejected by the Illinois Supreme Court under similar facts. (See *People v. 1988 Mer-*

*cury Cougar* (1992), 154 Ill. 2d 27.) We allowed claimant to cite *Austin v. United States* (1993), 509 U.S. ___, 125 L. Ed. 2d 488, 113 S. Ct. 2801, as additional authority, but our disposition of this case in this manner makes consideration of that case unnecessary.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

INGLIS, P.J., and WOODWARD, J., concur.