(No. 76349. ▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ONE 1986 WHITE MAZDA PICKUP TRUCK (Mark Brown, Appellee).

*Opinion filed September 29, 1994.*

Roland W. Burris, Attorney General, of Springfield, and David R. Akemann, State's Attorney, of St. Charles (Norbert J. Goetten, Robert J. Biderman and Jeffrey K. Davison, of Springfield, and William L. Browers and Lisa Anne Hoffman, of Elgin, all of the Office of the State's Attorneys Appellate Prosecutor, of counsel), for the People.

Fred M. Morelli, Jr., of Morelli & Cook, of Aurora (Wilson Burnell, of Oswego, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Resolution of this case requires this court to interpret the meaning of the word "facilitate" as it is used in

section 505(a)(3) of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1505(a)(3)).

The parties stipulated that Mark Brown was stopped in his truck on October 9, 1991, due to a warrant which had issued for Brown's failure to appear on a traffic violation. The police officer searched Brown. Brown had a clear plastic straw in his right interior coat pocket and a plastic bag containing cocaine in his underwear. Subsequent tests established that the straw contained traces of cocaine. The total weight of the cocaine in the bag was 3.5 grams. Brown pleaded guilty to possession of a controlled substance. Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1402.

The State filed a complaint in the circuit court of Kane County requesting the forfeiture of Brown's 1986 Mazda pickup truck pursuant to section 505(a)(3) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1505(a)(3)), alleging that the truck was used to facilitate the possession of cocaine that Brown was carrying on his person when he was arrested. The pertinent portions of the Act provide:

"(a) The following are subject to forfeiture:

(1) all substances which have been manufactured, distributed, dispensed, or possessed in violation of this Act;

(2) all raw materials, products and equipment of any kind which are used, or intended for use in manufacturing, distributing, dispensing, administering or possessing any substance in violation of this Act;

(3) all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to *facilitate* the transportation, sale, receipt, possession, or concealment of property described in paragraphs (1) and (2) ***." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1505(a).)

The trial court denied the complaint.

On the State's appeal, the appellate court affirmed. (251 Ill. App. 3d 79.) That court held:

"[W]here, as here, the use of the vehicle was entirely incidental to the possession of the controlled substance, it did not make the possession 'easier or less difficult' as required by the key word 'facilitate' in the forfeiture statute. In this case, the claimant did not use the vehicle in any manner to make or try to make possession easier. Rather, the controlled substance was already secreted on his person, and the use of the vehicle did not in any manner 'facilitate' this violation of the Act." 251 Ill. App. 3d at 83.

In its appeal to this court, the State argues that the truck did facilitate possession of the cocaine in a manner contemplated by the statute. Specifically, the State contends that because the truck made the defendant's possession of cocaine easier by providing a dimension of privacy not available to the defendant via other means of transportation, the truck is subject to forfeiture. The State maintains that while the controlled substances were concealed in the claimant's clothing, the truck permitted him to possess the cocaine without the concern that the substances might be revealed. In support of its argument, the State cites *People ex rel. Broch v. Hogg* (1991), 213 Ill. App. 3d 188, and *People ex rel. Daley v. 1986 Honda* (1989), 182 Ill. App. 3d 322.

We disagree. As this court has previously determined, the key term in the forfeiture statute is "facilitate," which means "to make easier or less difficult." (*People v. 1988 Mercury Cougar* (1992), 154 Ill. 2d 27; *People v. 1946 Buick* (1989), 127 Ill. 2d 374.) Accordingly, this court has previously found that if a vehicle, "with knowledge and consent of the owner, is used in any manner to make possession of the controlled substance easier or less difficult, the vehicle is subject to forfeiture." *1946 Buick*, 127 Ill. 2d at 377.

In this case, we find no evidence in the record to indicate that the vehicle made the possession of the cocaine any easier. The controlled substance here was secreted on the defendant's person, in his coat and his

underwear. The use of the vehicle was completely incidental to the possession of the controlled substance, and there was no overt attempt to use the vehicle to "facilitate" the possession of the drugs.

We find unpersuasive the State's contention that the truck made the defendant's possession of cocaine easier by providing a dimension of privacy not available to the defendant via other means of transportation. In this case, it would have made no difference had the defendant been walking, taking a bus, or riding a motorcycle.

Accordingly, we affirm the judgment of the appellate court.

*Affirmed.*