AURELIA PESCETTO, Appellant, v. COLONIAL TRUST & SAVINGS BANK *et al.*, Appellees.

*Opinion filed February 21, 1986.*

John Olivero and William La Sorella, of Peru, for appellant.

Anthony C. Raccuglia & Associates, of Peru (James A. McPhedran, of counsel), for appellees.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Aurelia Pescetto, brought this action in the circuit court of La Salle County. Count I of her complaint sought to establish plaintiff's right to funds held jointly with her deceased husband in a savings account with defendant, Colonial Trust & Savings Bank. (The other counts of the complaint are not involved in this appeal.) Defendant claims the funds as security on a defaulted loan. The circuit court granted summary judgment for plaintiff on count I, and certified the judgment for appeal purposes to the appellate court, pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). The appellate court reversed and ordered that summary judgment be entered in favor of defendant. (129 Ill. App. 3d 608.) Plaintiff was allowed leave to appeal to this court under Supreme Court Rule 315(a) (94 Ill. 2d R. 315(a)).

A single issue is raised for review: whether, under the circumstances of this case, the pledge of a joint bank account as security by one joint depositor is enforceable against the interest of the other joint depositor when the pledgee attempts to enforce the pledge after the death of the pledgor.

In 1969 plaintiff and her husband, Battist Pescetto, opened a joint savings account with the defendant bank. The signature card, signed by both plaintiff and her husband, provided in part:

"Colonial Trust & Savings Bank *** [is] authorized to recognize any of the signatures below in the payment of

funds *or the transaction of any business for this account.* *** The undersigned, joint depositors, hereby agree each with the other and with the bank, that all sums now on deposit or heretofore or hereafter deposited by either or both of said joint depositors with said bank to their credit as such joint depositors with all accumulations thereon, are and shall be owned by them jointly, with right of survivorship, and be subject to the order or receipt of either of them or the survivor of them and payment to or on the order of either or the survivor shall be valid and discharge the bank from liability." (Emphasis added.)

Mr. Pescetto subsequently took out several loans from defendant, pledging the savings account as collateral. Plaintiff was aware of neither the loans nor the pledge of the savings account as collateral. Mr. Pescetto died in March of 1981 leaving the loans in default. A few weeks later defendant enforced its security interest in the savings account to the extent of the $9,257.44 balance due on the loans.

Plaintiff argues that this case is controlled by *Harms v. Sprague* (1984), 105 Ill. 2d 215. *Harms* concerned a parcel of real estate held by two joint tenants. One of the joint tenants mortgaged his interest. This court held that a mortgage executed by less than all joint tenants does no more than create a lien on the interest of the mortgaging party, and thus does not sever the joint tenancy. (105 Ill. 2d 215, 223.) When the mortgaging tenant died the surviving tenant took the entire interest in the property and the mortgaging tenant's interest ceased to exist. (105 Ill. 2d 215, 224.) The surviving tenant therefore took free of the mortgage lien which was a lien upon an interest which no longer existed. 105 Ill. 2d 215, 223-24.

Following *Harms*, plaintiff argues that her husband pledged as collateral only his own interest in the account. Since Mr. Pescetto's interest was extinguished upon his death, the bank's right to the account as collat-

eral was also extinguished. *Harms*, however, involved joint tenancy in real property, and the mortgaging joint tenant could not unilaterally mortgage more than his own interest in the property. A joint bank account is not the same as a joint tenancy in real property, and is subject to the provisions of the contract between the bank and its depositors. (*In re Estate of Schneider* (1955), 6 Ill. 2d 180, 184.) If the agreement allows one joint depositor to unilaterally pledge the interests of all of the joint depositors then such a pledge would survive the death of the pledgor.

In the instant case the signature card, signed by both joint depositors, clearly created the right of survivorship. The signature card, however, also authorized the bank to honor the signature of *either* joint depositor "in the payment of funds or the transaction of any business for this account." Only *one* signature was required to transact business as to the interest of *both* joint tenants. Thus Mr. Pescetto's signature on the loan forms pledging the savings account as collateral was sufficient to pledge both his interest and plaintiff's interest in the account.

Therefore, even if Mr. Pescetto's interest in the savings account was extinguished by his death, the bank's interest in the account as collateral was not extinguished because the surviving tenant's interest had also been pledged. Defendant was therefore within its rights in enforcing the security agreement against the funds in the account, and thus the judgment of the appellate court was proper.

*Judgment affirmed.*