THE PEOPLE *ex rel.* EDWARD A. BURMILA, JR., State's Attorney of Will County, Petitioner-Appellant, v. ONE 1988 CHEVROLET AUTOMOBILE, VIN No. 1G1LD1110JY504863, *et al.*, Respondents-Appellees.

Third District   No. 3—91—0190

Opinion filed October 24, 1991.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Ira B. Goldstein, of Ira B. Goldstein, Ltd., and Paul R. Bjekich, both of Joliet, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The State filed a petition seeking the forfeiture of respondent Ann Sceniak's 1988 Chevrolet automobile. The trial court denied the petition. The State appeals.

At the hearing on the State's petition, Will County sheriff's deputy Terry Paggi testified that the respondent was the target of a drug investigation Paggi was working on. According to Paggi, the respondent initially contacted him via Paggi's pager. Paggi asked the respondent about purchasing LSD, but the respondent was unable to provide any. The respondent then inquired whether Paggi could sell cannabis to her. The respondent agreed to purchase a pound of cannabis for $1,500.

After the terms of the agreement were set, the respondent paged Paggi on September 20, 1990. She told him she had found someone named Doug to "front" the money for her to purchase the cannabis and she would page Paggi the next day. The next day, the respondent again paged Paggi and asked if she could take delivery of the cannabis. Paggi said he could provide the cannabis, but would need a few hours. Paggi later received another page from the respondent. This time she told Paggi that she was at home and that Doug was at the respondent's work place. She told Paggi that she would go back to work to give Paggi's pager number to Doug so they could arrange the details of the cannabis delivery.

Subsequently, Doug paged Paggi and they arranged the details of the delivery. When the meeting eventually took place, Doug produced the agreed-upon $1,500 and was arrested.

Doug did not use the respondent's car for the transaction. Further, the respondent was not present. However, following her arrest, the respondent gave a statement to Paggi indicating she had used her automobile (a 1988 Chevrolet Beretta) to drive to her work place to give Paggi's pager number to Doug.

Following this testimony, the trial judge took judicial notice that, in her companion criminal case, the respondent was found not guilty of attempted possession of cannabis with the intent to deliver. Subsequently, the trial judge dismissed the forfeiture petition, finding among other things that the respondent's vehicle was not used to facilitate any violation of the Cannabis Control Act (Ill. Rev. Stat. 1989, ch. 56½, par. 701 et seq.). The State appeals this basis for the judge's ruling, as well as others given by him. Our determination of this issue makes it unnecessary to address the State's other arguments.

■ Section 12(a)(3) of the Cannabis Control Act (Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 712(a)(3)) provides that a vehicle is subject to forfeiture if it is used to transport or to facilitate in any other manner a violation of the Act. The term "facilitate" means to make easier or less difficult. (*People v. 1946 Buick, VIN 34423520* (1989), 127 Ill. 2d 374, 537, N.E.2d 748.) The burden is on the State to show by a preponderance of the evidence its right to forfeiture. (*People ex rel. Vandersnick v. One 1987 Dodge Charger Automobile Vehicle Identification Number 1B3BZ44C5HD525894* (1990), 193 Ill. App. 3d 547, 550 N.E.2d 271.) On review, an appellate court will not reverse a trial court's order regarding forfeiture unless the ruling is against the manifest weight of the evidence. *People v. Strong* (1986), 151 Ill. App. 3d 28, 502 N.E.2d 744.

■ In the instant case, we cannot say the trial judge's order was against the manifest weight of the evidence. The only evidence the State presented regarding the respondent's car showed that she drove it to her work place to give Doug a pager number. In our view, the use of the respondent's car in this manner did not facilitate the commission of the offense as contemplated by the statute. The respondent could have telephoned Doug with the information. Thus, the use of her car did not make commission of the offense easier. (We are aware that Paggi testified that the respondent told him she had to drive because she had just started working there and did not know the telephone number. However, we assume the respondent's work place did not have an unlisted number and she could have called information for it.)

Additionally, for purposes of comparison, we note our decision in *People ex rel. Barra v. Lee* (1984), 128 Ill. App. 3d 128, 470 N.E.2d 46, where drugs were actually found hidden inside the vehicle driver's purse. We nonetheless reversed the forfeiture order, reasoning that the vehicle did not afford an additional dimension of privacy and therefore did not facilitate the possession. If there was not enough evidence in *Barra* to justify a forfeiture order, there certainly is not here. Facilitate does not mean that any time a person drives a vehicle in connection with the commission of an offense, no matter how remote that connection, the vehicle is subject to forfeiture. The respondent's car was not used in any way that made the commission of the crime in question easier or less difficult. The respondent's car was not subject to forfeiture.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and SLATER, J., concur.