*In re* FORFEITURE OF ONE 1985 NISSAN MAXIMA, VIN JN1HU1152FT067092 (The People *ex rel.* Kevin W. Lyons, State's Attorney of Peoria County, Petitioner-Appellant, v. Frederick Campbell, Respondent-Appellee).

Third District   No. 3—92—0748

Opinion filed November 16, 1993.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

No brief filed for appellee.

JUSTICE SLATER delivered the opinion of the court:

The State filed a petition seeking the forfeiture of a 1985 Nissan Maxima owned by the respondent, Frederick Campbell. The trial court denied the petition. The State appeals.

Initially, we note that Campbell has not submitted an appellee's brief. Nevertheless, since the record is simple and the issue is clear, we will address the merits of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that Campbell was charged with unlawful delivery of a controlled substance. The State also filed a civil petition seek-

ing forfeiture of Campbell's vehicle. The petition alleged that the vehicle had been used or intended to be used to facilitate a violation of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1991, ch. 56½, par. 1505(a)).

Campbell subsequently filed a motion for summary judgment in the forfeiture proceeding. He alleged that he had been acquitted of the criminal charge, that the cocaine had been transported in an unknown vehicle, and that his vehicle had not been involved in the offense.

Thereafter, the State moved to dismiss the motion for summary judgment. Attached to the motion was an affidavit from Officer Jim Smith. He stated that while acting as an undercover agent on March 19, 1992, he met with his confidential source and was introduced to Campbell. After Smith and Campbell discussed the purchase of cocaine, they arranged to later meet in an Eagle Store parking lot.

Smith next saw Campbell in the Eagle parking lot. Campbell instructed Smith to follow him to an address where the cocaine was located. At this time, Smith noted that Campbell was driving a 1985 Nissan Maxima. Smith and the confidential source then followed Campbell, who was driving the Nissan, to the address. Campbell told Smith to wait while Campbell went to get the cocaine. Campbell and the confidential source later returned to Smith's vehicle, where the confidential source handed Smith a small plastic bag containing cocaine. Smith then gave Campbell $800 for the cocaine.

Following a hearing, the trial court granted summary judgment in favor of Campbell. On appeal, the State argues that the trial judge erred in granting the motion. Specifically, it argues that even though cocaine was never in Campbell's vehicle, his vehicle facilitated the delivery of illegal drugs because Campbell drove it to the location of the sale.

We note that a vehicle is subject to forfeiture if it is used or intended to be used in any manner to facilitate the transportation, sale, receipt, or possession of substances made unlawful by the Illinois Controlled Substances Act. (Ill. Rev. Stat. 1991, ch. 56½, par. 1505(a).) The term "facilitate" means to make easier or less difficult. (*People v. 1946 Buick, VIN 34423520* (1989), 127 Ill. 2d 374, 537 N.E.2d 748.) However, "facilitate" does not mean that any time a person drives a vehicle in connection with the commission of an offense, no matter how remote that connection, the vehicle is subject to forfeiture. *People ex rel. Burmila v. One 1988 Chevrolet Automobile* (1991), 221 Ill. App. 3d 238, 581 N.E.2d 757.

Summary judgment should be granted when the pleadings and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c).) The State concedes that the facts are not disputed. Thus, we will review the judge's ruling to determine whether it was proper as a matter of law. *People v. 1946 Buick, VIN 34423520* (1989), 127 Ill. 2d 374, 537 N.E.2d 748.

In the instant case, we cannot say that as a matter of law the trial judge's order was erroneous. The only evidence regarding Campbell's car showed that he drove it to the location of the drug sale. The car was not used to transport the drugs, and the drugs were never inside the car. In our view, the connection between Campbell's car and the sale was simply too attenuated to say that the car facilitated the sale. Campbell's car was therefore not subject to forfeiture.

The decision of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY, P.J., and STOUDER, J., concur.