*In re* ESTATE OF IRENE C. VOGEL, Deceased (Martha Poziombka, Independent Adm'r of the Estate of Arthur G. Vogel, Petitioner-Appellant, v. Robert M. Winkle, Indiv. and as Ex'r of the Estate of Irene C. Vogel, *et al.*, Respondents-Appellees).

Second District    No. 2—96—1285

Opinion filed September 9, 1997.

Peter R. Vogel, of Wheaton, for appellants.

Lynne C. Kristufek, of Law Offices of Timothy J. McJoynt, P.C., of Downers Grove, of appellees.

JUSTICE RATHJE delivered the opinion of the court:

Petitioner, Martha Poziombka, is the independent administrator of Arthur G. Vogel's estate. Respondents, Robert M. Winkle, Janice Kellogg, and Marilyn Schlamann, are the children of Arthur's wife, Irene C. Vogel. Robert M. Winkle is also the executor of Irene's estate. Petitioner sued respondents to recover money that Irene withdrew from Arthur and Irene's joint bank accounts. The trial court granted respondents' motion to dismiss petitioner's complaint for failure to state a claim (see 735 ILCS 5/2—615 (West 1996)), and petitioner appealed. We affirm.

Initially, we note that respondents did not file a brief in this appeal. However, since we find the issue presented to be relatively straightforward, we will decide this appeal without respondents' brief, in accordance with *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

On February 20, 1996, petitioner filed a two-count complaint for the imposition of a constructive trust. The complaint contains the following allegations. Arthur and Irene Vogel established three joint bank accounts during their marriage. On June 16, 1994, Irene withdrew and gave to her daughter, Janice Kellogg, $90,984.10 from one of these accounts. Shortly thereafter, Irene withdrew for her own use $49,116.34 from the remaining two accounts. On July 17, 1994, Arthur died intestate. Irene died on October 25, 1995.

Based upon these facts, petitioner's complaint alleges two acts of wrongdoing. First, petitioner's complaint alleges that, when Irene withdrew the money from the joint accounts for her own use, she severed the joint tenancy and granted to Arthur an undivided interest in the money that he contributed to the joint accounts. Upon Arthur's death, that undivided interest passed not to Irene but to Arthur's estate. Thus, to the extent that respondents possess Arthur's share of the joint accounts, respondents possess money to which they have no right.

Second, petitioner's complaint alleges that, by withdrawing substantial sums of money from all three accounts for her own use, Irene breached a fiduciary duty owed to Arthur. Because Irene's initial withdrawal of the money was wrongful, respondents' retention of that money also is wrongful.

To remedy the alleged acts of wrongdoing, petitioner's complaint requests a declaration that, to the extent that respondents possess money that rightfully belongs to Arthur's estate, they possess that money as trustees for the benefit of Arthur's estate. In the alternative, petitioner requests a money judgment for no less than half of the money that Irene withdrew from the joint accounts.

■ Section 2—615 of the Code of Civil Procedure provides for dismissal if the complaint is "substantially insufficient in law." 735 ILCS 5/2—615 (West 1996). On review of a section 2—615 dismissal, we must determine whether the allegations of the complaint, when interpreted in a light most favorable to the plaintiff, sufficiently set forth a cause of action on which relief may be granted. *Brock v. Anderson Road Ass'n*, 287 Ill. App. 3d 16, 20 (1997). For purposes of section 2—615 motions, all well-pleaded facts in the complaint are deemed admitted, and only the legal sufficiency of the complaint is at issue. *Brock*, 287 Ill. App. 3d at 21. The issue is one of law, and our review therefore is *de novo*. *Brock*, 287 Ill. App. 3d at 21.

■ Petitioner's complaint requests the imposition of a constructive trust for the benefit of Arthur's estate. A constructive trust is an equitable remedy imposed to rectify unjust enrichment. *Kurtz v. Solomon*, 275 Ill. App. 3d 643, 651 (1995). Some form of wrongdoing or

unconscionable conduct is a prerequisite to the imposition of a constructive trust, and a court may not impose a constructive trust unless the complaint contains specific allegations of wrongdoing or unconscionable conduct. *Kurtz*, 275 Ill. App. 3d at 652. Furthermore, the grounds for imposing a constructive trust must be so clear, convincing, strong, and unequivocal as to lead to only one conclusion. *Suttles v. Vogel*, 126 Ill. 2d 186, 194 (1988). Generally, a court imposes a constructive trust to remedy (1) actual or constructive fraud; (2) the breach of a fiduciary duty; or (3) duress, coercion, or mistake. *Suttles*, 126 Ill. 2d at 193.

As discussed above, petitioner's complaint contains two allegations of wrongdoing. We will address the legal sufficiency of each of these allegations in turn.

■ First, petitioner's complaint alleges that respondents are in wrongful possession of the withdrawn money because, when Irene withdrew the money from the joint accounts, Arthur (and subsequently his estate) acquired an undivided interest in a portion of that money. In support of this allegation, petitioner relies upon the law of joint tenancy as applied to real property. The establishment and perpetuation of a joint tenancy in real property requires the unity of interest, title, time, and possession. *Harms v. Sprague*, 105 Ill. 2d 215, 220 (1984). By conveying his or her interest in the joint property to a third party without the consent of the other joint tenants, a joint tenant destroys the unities of title and interest. *In re Estate of Martinek*, 140 Ill. App. 3d 621, 629 (1986). Once the unities of title and interest are destroyed, the joint tenancy is severed and the remaining tenants hold the property as tenants in common with the third party. *Estate of Martinek*, 140 Ill. App. 3d at 629. Similarly, by conveying her interest to herself as a tenant in common, a joint tenant severs the joint tenancy and establishes a tenancy in common between herself and the remaining tenants. *Minonk State Bank v. Grassman*, 95 Ill. 2d 392, 396 (1983).

Applying these principles to the present set of facts, petitioner argues that, when Irene withdrew the money from the joint accounts for her own use and without Arthur's consent, she destroyed the unities of title and interest with respect to that money. Once Irene destroyed these unities, she severed the joint tenancy and established a tenancy in common between (1) Arthur and Irene with respect to the money Irene retained, and (2) Arthur and Irene's children with respect to the money Irene gave to her children. As a tenant in common, Arthur possessed an undivided interest in the money that he contributed to the accounts, and, upon his death, this undivided interest passed to his estate. Consequently, petitioner contends that

her complaint states a cause of action for constructive trust because, to the extent that Irene's children are in possession of Arthur's share of the withdrawn money, they wrongfully are depriving Arthur's estate of that money.

■ Petitioner's argument assumes that the rules governing a joint tenancy in real property also govern a joint bank account. They do not. Indeed, the Illinois Supreme Court has stated expressly that "[a] joint bank account is not the same as a joint tenancy in real property, and is subject to the provisions of the contract between the bank and its depositors." *Pescetto v. Colonial Trust & Savings Bank*, 111 Ill. 2d 314, 317 (1986). Thus, although a joint tenant in real property may not mortgage unilaterally more than his own interest, a party to a joint bank account may pledge unilaterally the interests of all of the joint depositors if the joint deposit agreement so allows. *Pescetto*, 111 Ill. 2d at 317. Similarly, although a joint tenant in real property may not convey the interest of another joint tenant without the other tenant's consent (see *Cadle Co. II, Inc. v. Stauffenberg*, 221 Ill. App. 3d 267, 270 (1991)), a party to a joint bank account may withdraw and dispense with all of the funds from that account, and neither he nor his estate is liable to the other joint depositors for the withdrawn funds (*Paskas v. Illini Federal Savings & Loan Ass'n*, 109 Ill. App. 3d 24, 32 (1982); *In re Estate of Taggart*, 15 Ill. App. 3d 1079, 1086 (1973)).

In *Paskas*, the plaintiff opened a personal savings account. *Paskas*, 109 Ill. App. 3d at 27. Shortly thereafter, the plaintiff added his uncle's name to the account as a joint tenant with the right of survivorship, and both parties contributed several thousand dollars to the account. *Paskas*, 109 Ill. App. 3d at 27. Several years later, without the plaintiff's consent or knowledge, the uncle withdrew all of the money from the joint account and placed it in a joint account he shared with the plaintiff's sister. *Paskas*, 109 Ill. App. 3d at 28. The uncle then died, and all of the money that he withdrew from the first joint account passed to the plaintiff's sister as the surviving joint tenant of the second joint account. *Paskas*, 109 Ill. App. 3d at 28.

The plaintiff brought suit for recovery of the money that his uncle withdrew from the first joint account. In his complaint, the plaintiff alleged that, when his uncle withdrew the money from the joint account, his uncle falsely told the bank that the plaintiff had contributed no money to the account. *Paskas*, 109 Ill. App. 3d at 31-32. Because the uncle made fraudulent representations when withdrawing the money, the plaintiff argued that the uncle's withdrawal of the money was itself wrongful and that the trial court should not permit his sister to benefit from his uncle's wrongdoing.

*Paskas*, 109 Ill. App. 3d at 28. As a remedy, the plaintiff requested that the trial court impose a constructive trust in the plaintiff's favor on the proceeds of the first joint account. *Paskas*, 109 Ill. App. 3d at 28.

The *Paskas* court affirmed the trial court's refusal to impose the constructive trust. It reasoned that the plaintiff failed to establish that the uncle had a fraudulent intent in withdrawing the money from the joint account. *Paskas*, 109 Ill. App. 3d at 32. The *Paskas* court explained that "fraud implies a wrongful intent, an act calculated to deceive." *Paskas*, 109 Ill. App. 3d at 32. The uncle's withdrawal of money from the joint account could not be wrongful or deceptive, however, because, under the joint tenancy agreement, he was entitled to withdraw the entire proceeds of the joint account upon his written request. *Paskas*, 109 Ill. App. 3d at 32. Thus, "any assertions concerning the source of the deposited funds were immaterial to his rights as joint tenant." *Paskas*, 109 Ill. App. 3d at 32, citing *Estate of Taggart*, 15 Ill. App. 3d at 1086. The *Paskas* court concluded that neither the uncle nor his estate was legally accountable to the plaintiff for the money withdrawn from the first joint account. *Paskas*, 109 Ill. App. 3d at 32, citing *Estate of Taggart*, 15 Ill. App. 3d at 1086.

■ In the present case, the record does not include the agreements governing Arthur and Irene's joint bank accounts. Petitioner admits, however, that "either party had the right to withdraw the funds." Thus, under *Paskas* and *Estate of Taggart*, when Irene withdrew the money from the joint accounts, Arthur did not acquire an undivided interest in the money that he contributed to the joint account. Rather, Arthur's rights to that money terminated, and Irene became the sole owner of the money. As the sole owner of the money, Irene was free to dispense with the money in any manner she deemed fit, and neither Irene nor her beneficiaries are liable to Arthur or his estate for the withdrawn money. See *Paskas* 109 Ill. App. 3d at 32; *Estate of Taggart*, 15 Ill. App. 3d at 1086. "[T]o rule otherwise would fly in the face of the entire theory of joint tenancy and common banking practice." *Estate of Taggart*, 15 Ill. App. 3d at 1086.

Accordingly, we conclude that petitioner's first allegation of wrongdoing is legally insufficient to support petitioner's request for the imposition a constructive trust.

The second allegation of wrongdoing contained in petitioner's complaint is that respondents are in wrongful possession of the money because Irene used wrongful means to obtain possession of the money. According to petitioner, Arthur and Irene, as joint tenants, owed each other a fiduciary duty "not to misappropriate or convert"

the other's interest in the joint accounts. When Irene withdrew the money from the joint accounts for her own use and without Arthur's knowledge, she breached her fiduciary duty to Arthur. As a result, petitioner argues that, to the extent that respondents are in possession of money that Irene withdrew from the joint accounts, respondents are in possession of money wrongfully obtained at Arthur's expense.

Petitioner correctly asserts that the breach of a fiduciary duty will support a claim for the declaration of a constructive trust. See *Suttles*, 126 Ill. 2d at 193. The fatal flaw in petitioner's argument, however, is that, even assuming Irene owed the alleged duty to Arthur, Irene could never have breached that duty. In Illinois, the essence of conversion is the wrongful deprivation of property from the person entitled to its possession. *In re Rosin*, 156 Ill. 2d 202, 206 (1993). Similarly, misappropriation is the unauthorized, improper, or unlawful use of property for a purpose other than that for which it was intended. Black's Law Dictionary 998 (6th ed. 1990). Thus, for Irene to have breached her duty not to misappropriate or convert Arthur's interest in the joint accounts, Irene's withdrawal of money from those accounts would have to have been wrongful, unauthorized, improper, or unlawful.

*Paskas* and *Estate of Taggart* make clear, however, that, where a joint tenant has the right to withdraw money unilaterally from a joint bank account, a court will not deem the joint tenant's exercise of that right as wrongful, unauthorized, improper, or unlawful. *Paskas*, 109 Ill. App. 3d at 32; *Estate of Taggart*, 15 Ill. App. 3d at 1086. Here, plaintiff admits that Irene had the right to withdraw unilaterally money from the joint accounts. Thus, under *Paskas* and *Estate of Taggart*, Irene's withdrawal of the money from the joint accounts was not wrongful, unauthorized, improper, or unlawful and did not constitute either misappropriation or conversion.

Accordingly, we conclude that petitioner's second allegation of wrongdoing is legally insufficient to support petitioner's request for the imposition of a constructive trust.

In sum, we conclude that, because Irene, as a joint tenant, had the right to withdraw unilaterally all or any portion of the money from the joint accounts, Irene's exercise of that right was not wrongful, and neither she nor her estate is liable to Arthur or his estate for any portion of the withdrawn money.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

DOYLE and THOMAS, JJ., concur.