THE PEOPLE *ex rel.* JOSEPH BIRKETT, State's Attorney of Du Page County, Illinois, Plaintiff-Appellee, v. 1995 PONTIAC TRANS AM VIN 2G2FV22P5S2200525, Defendant (Brian Baker, Claimant-Appellant).

Second District No. 2—04—0603

Opinion filed June 17, 2005.

Joseph V. Roddy and James E. Thompson, both of Law Offices of Joseph V. Roddy, of Chicago, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE BYRNE delivered the opinion of the court:

The State filed a verified complaint seeking the forfeiture of a

1995 Pontiac Trans Am, VIN 2G2FV22P5S2200525. The complaint alleged that the Trans Am was subject to forfeiture pursuant to section 505(a)(3) of the Illinois Controlled Substances Act (Substances Act) (720 ILCS 570/505(a)(3) (West 2002)) and the provisions of the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (725 ILCS 150/1 *et seq.* (West 2002)). The complaint alleged that the car was used or was intended to be used to facilitate a violation of the Substances Act and was seized from claimant, Brian Baker, on June 7, 2003. Claimant filed a verified claim asserting that he was the owner of the Trans Am and that it was not forfeitable, as the car was not used to facilitate any alleged illegal possession of drugs.

Following a bench trial, the trial court found that the use of the Trans Am facilitated the illegal possession of drugs within the meaning of the Substances Act and ordered the forfeiture of the Trans Am to the State as provided by law. Claimant appeals, contending that the trial court erred by ordering the Trans Am forfeited, because the car did not facilitate the concealment of the drugs found in the car, as they were in plain view, within claimant's control, and the drugs were for his personal use and not for sale or delivery. We affirm.

## BACKGROUND

The following evidence was admitted at trial. Officer Thomas Kozielski of the Westmont police department testified that he was on routine bicycle patrol when he stopped claimant's car for a routine traffic violation and observed a "small bagg[ie] approximately half inch by half inch with a folded up piece of aluminum foil inside of it" in the center cup console of the car. Kozielski stated that he could see the baggie in plain view in the center cup console. Kozielski testified that he specialized in training in narcotics detection and street identification. Based on his training and experience, he believed that the package contained illegal narcotics.

Kozielski further testified that, when he asked claimant what was inside the package, claimant "actually grabbed the *** small bagg[ie] and tried to swallow it." Kozielski explained that a struggle ensued, in which he tried to stop claimant from swallowing the baggie. During the struggle, claimant knocked over a "purple Crown Royal [bag] inside of his vehicle," causing other items inside the bag to fall onto the floorboard on the driver's side of the car. Kozielski identified the contents that spilled from the bag: a lighter and pipe commonly used to smoke narcotics; four small baggies containing a powdery substance; and three other baggies, each of which contained a substance folded into a foil package. The substances later tested positive for heroin and cocaine.

Kozielski testified that his attempt to get claimant to spit out the foil packet that claimant had taken from the center cup console proved unsuccessful. He later asked claimant what was in the packet and claimant told him it was heroin.

Kozielski stated that, after he arrested claimant and took him to the station, claimant agreed to speak with Officer Bright of the Westmont police department. Kozielski related that he was present during the interview. The prosecutor asked Kozielski if claimant told the officers during the interview where he went to purchase the drugs. Kozielski responded that claimant told them that he had "recently" driven "to the west side of Chicago on Cicero Avenue on approximately Kilody [sic] Street" to purchase the drugs. Kozielski also related that claimant told them that the drugs were for his personal use. Claimant subsequently pled guilty to possession of narcotics.

After the State rested its case, claimant moved for a directed finding, contending that the State failed to fulfill its burden of proof. In particular, claimant asserted that the State failed to present any evidence that the use of the Trans Am aided him in the possession of the controlled substances found in his car, because he did not use the car to conceal the drugs; they were in plain view.

The trial court disagreed, finding that the State had met its burden. The court noted that it heard the testimony that the vehicle was used to go to the west side of Chicago to purchase the drugs and that it had transported the drugs. The court held that the fact that the drugs were in plain view did not obviate the applicability of section 505(a)(3) of the Substances Act, because the plain language of the statute permits forfeiture where a claimant's vehicle is used to "facilitate both the possession and the transportation of the narcotics." The court stated that claimant used the vehicle to buy the narcotics and had them in his vehicle as opposed to his clothing. Accordingly, it denied the motion.

Following the denial of the motion, claimant recalled Kozielski to the stand and asked him questions only regarding how the contents of the Crown Royal bag spilled onto the floorboard of the car. Apparently, claimant's counsel was concerned with whether his client deliberately tried to use the Trans Am to facilitate concealment of the drugs. However, no matter how counsel phrased the questions, Kozielski could not answer them because he did not pay attention to how the contents of the Crown Royal bag emptied onto the floorboard, since at the time he was worried about retrieving the contraband from claimant's mouth.

During closing argument, claimant continued to argue that there had to be some attempt by the possessor of the illegal substance to use

the vehicle to conceal the substance or otherwise defeat the law enforcement officer's arrest in order to subject the car to forfeiture and that there was no evidence that he used the Trans Am in that manner. The court disagreed. It believed that, under the plain language of the statute, the Trans Am was used to facilitate both the possession and the transportation of the narcotics. The court deduced that, if the statute applied only to vehicles used for the delivery of narcotics, then the words "possession" and "transportation" in the statute would be surplusage. Accordingly, the court found by a preponderance of the evidence that the Trans Am was used to facilitate claimant's possessory drug offense, and the car was ordered forfeited. Claimant timely appeals.

## ANALYSIS

On appeal, claimant contends that the trial court erred by ordering the Trans Am forfeited. We disagree for the following reasons.

The Forfeiture Act sets out uniform procedures for the seizure and forfeiture of property under the Substances Act. The Forfeiture Act is to be liberally construed to effectuate its remedial purpose (725 ILCS 150/13 (West 2002)). *People ex rel. Birkett v. 1998 Chevrolet Corvette*, 331 Ill. App. 3d 453, 459 (2002). "With respect to a forfeiture proceeding, the Forfeiture Act controls over the Substances Act." *1998 Chevrolet Corvette*, 331 Ill. App. 3d at 459.

■ In a proceeding under the Forfeiture Act, the State has the initial burden to "show the existence of probable cause for forfeiture of the property." 725 ILCS 150/9 (G) (West 2002); *People v. $1,124,905 U.S. Currency*, 177 Ill. 2d 314, 326 (1997) (hereafter *Astro Van*). Where the State satisfies its burden of establishing probable cause, then the burden shifts to the claimant to show by a preponderance of the evidence that the property is *not* subject to forfeiture. 725 ILCS 150/9(G) (West 2002); *People v. 1515 Coolidge Avenue*, 308 Ill. App. 3d 805, 810 (1999). During the State's probable cause portion of the proceeding, "the court must receive and consider, among other things, all relevant hearsay evidence and information" (725 ILCS 150/9(B) (West 2002)), whereas during all other portions of the proceeding, the law of evidence related to civil actions applies (725 ILCS 150/9(B) (West 2002)). *Astro Van*, 177 Ill. 2d at 326-27. "The trial court may rely on circumstantial evidence to assist in establishing probable cause to support the forfeiture of the property." *1998 Chevrolet Corvette*, 331 Ill. App. 3d at 460. "Because the trial court is best suited to evaluate the testimony of the witnesses and to draw reasonable inferences from the evidence, [we] will not reverse an order of forfeiture unless the trial court's decision is against the manifest weight of the evidence." *1998 Chevrolet Corvette*, 331 Ill. App. 3d at 459.

■ Section 505(a)(3) of the Substances Act provides that a vehicle is subject to forfeiture if it is used or intended for use "in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property." 720 ILCS 570/505(a)(3) (West 2002). According to the supreme court, the key term in the forfeiture statute is "facilitate," which means "to make easier or less difficult." *People ex rel. Waller v. 1989 Ford F350 Truck*, 162 Ill. 2d 78, 84 (1994); *People v. 1988 Mercury Cougar*, 154 Ill. 2d 27, 32 (1992); *People v. 1946 Buick*, 127 Ill. 2d 374, 377 (1989).

Claimant argues that the State failed to present any evidence that the Trans Am facilitated his possession of the controlled substances, because the contraband in the Crown Royal bag and the contraband left in the cup holder were in his immediate possession and in plain view. In support of his argument, claimant compares his case to other cases in which courts found forfeiture appropriate only when the claimants used their cars or attempted to use their cars to conceal contraband. For example, claimant cites *1946 Buick*, 127 Ill. 2d 374, wherein the driver attempted to rub cocaine into the floor fibers of his vehicle to conceal it from a police officer during a traffic stop. The court found that the use of the vehicle facilitated the concealment of the drugs and ordered the vehicle forfeited. *1946 Buick*, 127 Ill. 2d at 378. Claimant argues that, unlike the claimant in *1946 Buick*, he did not attempt to conceal the contraband in the Trans Am, the drugs were in plain view, and therefore he was not using the car to facilitate the possession of the drugs.

No one disputes that the Trans Am did not facilitate the concealment of the drugs. However, claimant reads the statute too narrowly by focusing his argument on whether the vehicle facilitated the *concealment* of the drugs. The statute provides that a vehicle is subject to forfeiture if it is used or intended for use "in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property." 720 ILCS 570/505(a)(3) (West 2002). Thus, given the evidence presented, the question to be asked in this case is not whether the use of the Trans Am facilitated the concealment of the drugs, but whether the car facilitated the possession or transportation of the drugs. Whether the drugs were in plain view or in a purple bag on the seat is irrelevant, so long as it can be proved that the vehicle was being used to facilitate one of the means described in section 505(a)(3). Contrary to claimant's contention, the fact that the drugs were in plain view or in a bag that spilled onto the floorboard of the car does not destroy the nexus between the drugs and the use of the vehicle.

In *People v. One 2000 Ford F-350 Pickup Truck*, 338 Ill. App. 3d 575 (2003), an officer stopped a truck for speeding and asked the

claimant-driver to accompany him to his squad car, where he detected a strong odor of cannabis coming from the claimant. A trooper arrived at the scene and confirmed the officer's impression about the smell of marijuana. The claimant admitted that there was a small amount of cannabis in the console of his truck. The officers then searched the truck and found a pipe and a plastic bag with a large amount of what appeared to be marijuana. They also found a small amount of marijuana underneath a duffel bag that was placed in a toolbox in the bed of the truck. The claimant admitted that the marijuana was his and that there was more inside the duffel bag. The officers re-searched the duffel bag and found four plastic bags, each containing marijuana. During his interview at the jail, the claimant stated that the marijuana was for his personal use and that he was on his way to Arkansas. *One 2000 Ford*, 338 Ill. App. 3d at 578.

The State sought the forfeiture of the truck after the claimant was arrested and charged with possession. Following a hearing, the trial court ordered the truck forfeited. The claimant contended on appeal that the truck should not have been forfeited, because it did not facilitate his possession of the marijuana. We disagreed and found that, because the claimant told the officer that he was taking the marijuana to Arkansas, the claimant intended to use the truck to facilitate possession of the drugs. *One 2000 Ford*, 338 Ill. App. 3d at 581. We commented further that the forfeiture statute also specifically applies to vehicles that facilitate the "transportation" of marijuana and that it made no difference that the claimant could have moved it some other way. *One 2000 Ford*, 338 Ill. App. 3d at 581-82.

We found *1989 Ford F350* helpful to our case. During the trial in that case, evidence was presented that the claimant had told the police that he was delivering cocaine, which had been found on his person, to his employee. The supreme court concluded that the preponderance of the evidence demonstrated that the claimant's truck was used in facilitating the transportation of cocaine because of the claimant's statement that he was delivering the cocaine to his employee. *1989 Ford F350*, 162 Ill. 2d at 86. Thus, similar to *One 2000 Ford*, the statement demonstrated the claimant's intent to transport the drugs to another location. See *One 2000 Ford*, 338 Ill. App. 3d at 582.

We further noted in *One 2000 Ford* that *1989 Ford F350* did not require that a vehicle be used to facilitate the *delivery* of the drugs to another person before it can be forfeited. We observed that the supreme court specifically held that " 'the preponderance of the evidence demonstrated that defendant's truck was used in facilitating the *transportation* of cocaine.' " (Emphasis in original.) *One 2000 Ford*, 338 Ill. App. 3d at 582, quoting *1989 Ford F350*, 162 Ill. 2d at

86. We also observed that the claimant's proposed construction would read the words "possession" and "transportation" out of the statute, permitting forfeiture only where a vehicle facilitated the "delivery" of drugs. *One 2000 Ford*, 338 Ill. App. 3d at 582.

■ Similar to *One 2000 Ford*, we conclude that the preponderance of the evidence demonstrated that claimant intended to use his vehicle to facilitate the possession and transportation of the drugs. Here, claimant told Kozielski that he had recently driven to the west side of Chicago to purchase the drugs. The trial court reasonably inferred from this testimony that claimant used the Trans Am to facilitate the possession and transportation of the drugs. We note that claimant questioned Kozielski only about the contents of the Crown Royal bag and how they ended up on the floorboard of the car. He never introduced any evidence to refute the conclusion that the car made it easier for him to transport and possess the drugs. Thus, the State met its burden of showing probable cause for the forfeiture.

Relying on *People ex rel. Neal v. Ryan*, 284 Ill. App. 3d 318 (1996), claimant asserts that "the Forfeiture Act was not intended to forfeit vehicles when the drugs possessed in the vehicle were for personal use only, and not for sale or delivery." Claimant points out that the trial court found that he possessed only a small quantity of controlled substances and the evidence revealed that the drugs were solely for personal use and not for sale or distribution. Claimant therefore concludes that his car should not have been forfeited. Claimant misinterprets the holding in *Neal* and continues to read the statute too narrowly.

In *Neal*, the police found marijuana in a duffel bag, which the claimant had been holding under his arm after he exited his car for a routine traffic stop. The trial court found that the drugs were seized from the claimant's person and therefore the forfeiture must fail because the truck was not used to facilitate the transportation, sale, receipt, possession, or concealment of the drugs. The Appellate Court, Third District, agreed. Based on a preponderance of the evidence, the court held that the fact that the claimant had been in his truck sometime earlier did not support the conclusion that the truck made it easier for him to possess the drugs; the claimant had simply driven to work with the duffel bag and was on his way home at the end of the work day when he was arrested. *Neal*, 284 Ill. App. 3d at 325-26.

The court observed that the marijuana was for the personal use of the claimant and his wife and there was no evidence that he intended to deliver it to anyone. *Neal*, 284 Ill. App. 3d at 326. In interpreting section 12 of the Cannabis Control Act (720 ILCS 550/12(a)(3) (West 2000)), which is similar to section 505(a)(3) of the Substances Act, the

court also concluded that the legislature did not intend for the transportation language to be interpreted so as to forfeit vehicles where: (1) the trial court has found that the amount of cannabis is small and is solely intended for personal use and not for delivery, and (2) the use of the vehicle is completely incidental to the possession of the drugs. *Ryan*, 284 Ill. App. 3d at 326.

In *Neal*, unlike in the present case, the preponderance of the evidence demonstrated that the claimant did not intend to use his vehicle to facilitate the transportation, sale, receipt, possession, or concealment of the marijuana. As such, the use of the vehicle was completely incidental to the possession of the marijuana. Moreover, we are not persuaded by the Third District's narrow interpretation of the statute. The language of the statute does not exclude those cases where the amount is small and for personal use only. Accordingly, we decline to follow *Neal*.

## CONCLUSION

Based on the above, we conclude that the trial court's decision in ordering the forfeiture of the vehicle was not against the manifest weight of the evidence. The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.