2019 IL App (1st) 131658-U

THIRD DIVISION
December 26, 2019

No. 1-13-1658

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ex rel., ANITA ALVAREZ State's Attorney of Cook County, Illinois, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12 COFO 1131 |
| 1996 GMC SAVANA VAN VIN# IGDFG15MXT1018409, | ) ) ) | |
| Defendant, | ) ) | Honorable David A. Skryd, |
| (Christopher Tobin, Claimant-Appellant). | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Ellis and Justice McBride concurred in the judgment.

ORDER

¶ 1    *Held*:   We reverse the April 1, 2013 judgment of forfeiture and the April 22, 2013 order denying the claimant's motion to reconsider; there was no evidence claimant possessed a felony quantity of cannabis thereby subjecting the vehicle at issue to forfeiture under section 12 of the Cannabis Control Act, 720 ILC 550/12 (2010).

¶ 2    This forfeiture action stems from the seizure of a vehicle after its driver was arrested after 6.6 grams of cannabis were recovered from his person.  Following a trial, a forfeiture judgment was entered pursuant to section 12 of the Cannabis Control Act.  The claimant of the vehicle

filed a motion to reconsider which was denied by the trial court. Thereafter, the claimant timely appealed. For the reasons set forth below, we reverse the trial court's forfeiture judgment and order denying the claimant's motion to reconsider.

¶ 3                                BACKGROUND

¶ 4     The People of the State of Illinois (State) instituted a forfeiture action against a 1996 GMC Savana Van vehicle identification number IGDFG15MXT1018409 (GMC) pursuant to 725 ILCS 150/9(H) (West 2010), 720 ILCS 5/29B-1(h) (West 2010), 720 ILCS 570/505(f) (West 2010), 720 ILCS 550/12 (West 2010), and 720 ILCS 646/85 (West 2010).

¶ 5     The State's Complaint for Forfeiture stated that on December 16, 2011 the Evanston Police Department seized the GMC. The GMC was curbed after an officer observed the vehicle speeding and swerving. When the officer approached the vehicle and spoke to the driver, Christopher Tobin (claimant), claimant stated that he "just dropped off some high school kids *** and was heading back home." Claimant was asked by the officer to exit the vehicle and "as [claimant] exited the vehicle, the officer smelled an odor of alcohol beverage emanating from his breath" and "also smelled burnt cannabis emanating from [claimant's] person." The officer conducted a custodial search "and found a large plastic bag containing nine (9) individual wrapped baggies of suspect cannabis" which claimant admitted belonged to him. The State was later "granted leave to amend its complaint to reflect that the officer recovered 1,000 individual baggies."

¶ 6     The Evanston Police Department Offense/Incident Report stated that claimant passed all field sobriety tests conducted. The report noted "Suspect cannabis, field tested positive." The report also noted that the GMC was searched and items including the following were inventoried: a cooler with ice containing ten Miller Highlife cans and one Mike's Hard

Lemonade as well as approximately 1,000 small clear induvial baggies. In both the police report and Evanston Police Department Arrest Report no cannabis or other illegal drugs were listed as being found in the GMC. Claimant was arrested and taken to the Evanston Police Department for processing.

¶ 7    Claimant filed a verified claim as well as an Answer in Civil Asset Forfeiture Proceeding seeking return of the GMC stating that he was the sole and rightful owner of the vehicle which he argued was not subject to forfeiture because he was "not legally accountable for the conduct giving rise to the forfeiture, did not acquiesce in it, and did not know and could not reasonably have known of the conduct or that the conduct was likely to occur and thus cannot be held liable under 725 ILCS 150/8(A)(i)" and he was "not legally accountable for the conduct giving rise to the forfeiture, or did not solicit, conspire, or attempt to commit the conduct giving rise to the forfeiture under 725 ILCS 150/8(A)(ii)." Claimant's verified claim also stated that "the vehicle was used to transport numerous individuals prior to its seizure" and claimant "had no knowledge of the conduct of the individual's actions nor did he consent to any illegal activity transpiring within his vehicle."

¶ 8    A bystander's report was filed in this matter of the one-day trial which commenced on April 1, 2013. The report set forth the evidence adduced at trial to include the following: the forfeiture case arose out of claimant's arrest on or about December 16, 2011 for which he was charged with possession of cannabis. The State's sole witness was Officer Sense who testified he stopped claimant who was driving the GMC for a traffic infraction on or about December 16, 2011 at approximately 1:15 am. The officer spoke to claimant who indicated he was on his way home. The officer smelled alcohol on claimant and asked him to exit the vehicle whereupon the officer detected an order of cannabis. The officer patted down claimant and recovered nine

baggies containing suspect cannabis. Claimant was placed under arrest while he conducted a search of the GMC and found small individual baggies under the driver's seat. No cannabis was recovered from the GMC. Upon claimant's arrest the GMC was held for forfeiture proceedings.

¶ 9      Officer Sense testified that the suspect cannabis recovered from claimant's person was submitted to the Illinois State Police Crime Lab where 2.9 grams of plant material tested positive for cannabis and the remaining 3.7 grams were not analyzed. The report was admitted into evidence. Officer Sense testified that the cannabis recovered was a misdemeanor quantity. Claimant presented no evidence in support of his claim.

¶ 10      At the close of the State's case, claimant's counsel made a motion for directed finding arguing the vehicle was not subject to forfeiture because a felony amount of cannabis was not recovered precluding forfeiture of the GMC. Counsel also argued there was no evidence the GMC was used to facilitate possession or distribution of cannabis. The motion for directed finding was denied by the trial court. This argument was reiterated in claimant's counsel's closing argument.

¶ 11      At the conclusion of trial that same day, the trial court entered a Judgment Order stating the GMC "is adjudged forfeited in accordance with the provisions of *** 720 ILCS 550/12 (Cannabis Control Act)[.]" The judgment provided that the GMC "be delivered to the Director of the Illinois State Police for disposition according to law[.]" The judgment further stated that "said order of forfeiture shall terminate any and all right, title or interest of each and everyone of those persons or parties claiming an interest in said [GMC.]"

¶ 12      On April 3, 2013, claimant filed a motion to reconsider the forfeiture judgment in which he argued forfeiture was improper because no evidence was presented by the [State] that [claimant] possessed a quantity of cannabis that could be charged as a felony" where the State

sought "forfeiture under the Cannabis Control Act 720 ILCS 550/12 which states in relevant part that vehicles or vessels which are used, or intended for use, to facilitate the transportation, sale, receipt[,] possession or concealment of cannabis that constitutes a **felony violation** of the Act." (emphasis in original.) Claimant also argued that forfeiture was improper because the cannabis was on his person "for his personal use" and that "no cannabis was found inside of the baggies found in the vehicle" citing *Neal v. Ryan*, 284 Ill. App. 3d 318 (1996), and *People ex rel. Birkett v. 1995 Pontiac Trans Am.*, 358 Ill. App. 3d 184 (2005).

¶ 13    On April 22, 2013, the trial court denied claimant's motion to reconsider after reviewing the motion and hearing argument from counsel. Thereafter, claimant timely appealed.

¶ 14    On January 22, 2014, the State was granted an extension until February 21, 2014 to file its responsive brief. The State did not file a responsive brief nor did it seek another extension. More than five years later, on November 7, 2019, this Court entered an order providing that this appeal would be taken on claimant's brief only.

¶ 15                                ANALYSIS

¶ 16    On appeal, claimant argues the trial court erred as a matter of law in entering its forfeiture judgment and order denying his motion to reconsider because the State presented no evidence that (1) claimant possessed a quantity of cannabis sufficient to subject the GMC to forfeiture and (2) that the GMC was used or intended for use in violation of any relevant statute. As set forth below we reverse the trial court's judgment and order denying claimant's motion to reconsider based on claimant's first argument that he did not possess a quantity of cannabis sufficient to subject the GMC to forfeiture.

¶ 17    This court will not reverse a trial court's order regarding forfeiture unless the ruling is against the manifest weight of the evidence. *People v. ex rel. Burmila v. One 1988 Chevrolet*

*Auto., VIN No. 1G1LD1110JY504863*, 221 Ill. App. 3d 238, 239 (1991).  Generally, we review a trial court's ruling on a motion to reconsider under the abuse of discretion standard; however, where the motion to reconsider only asks the trial court to reevaluate its application of the law to the case as it existed at the time of judgement, the standard of review is *de novo*.  *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664, ¶ 20.

¶ 18     The judgment states that the GMC was adjudged forfeited pursuant to 720 ILC 550/12 (West 2010) of the Cannabis Control Act (Act).  Section 550/12(a) of the Act authorizes forfeiture of vehicles used in the commission of a felony violation of the Act and states as follows:

> "(a) The following are subject to forfeiture:
>
> (1) all substances containing cannabis which have been produced, manufactured, delivered, or possessed in violation of this Act;
>
> (2) all raw materials, products and equipment of any kind which are produced, delivered, or possessed in connection with any substance containing cannabis in violation of this Act;
>
> (3) all conveyances, including *** vehicles ****, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2) that constitutes a felony violation of the Act, ***"  720 ILCS 550/12(a) (West 2010).

¶ 19     "The forfeiture provision of the [Act] applies only where a vehicle facilitates a felony violation of the Act."  *People v. One 2000 Ford F-350 Pickup Truck*, 338 Ill. App. 3d 575, 582 (2003).  "The burden is on the State to show by a preponderance of the evidence its right to forfeiture."  *People ex. rel Burmila*, 221 Ill. App. 3d at 239.

¶ 20     The evidence at trial established that 6.6 grams of cannabis were recovered from claimant's person.  Section 4 of the Act provides that a person who knowingly possesses an amount "more than 2.5 grams but not more than 10 grams of any substance containing cannabis is guilty of a Class B misdemeanor[.]"  720 ILCS 550/4(b) (West 2010).  Furthermore, section 5 of the Act provides that any person who knowingly manufactures, delivers, or possesses with intent to deliver "more than 2.5 grams but not more than 10 grams of any substance containing cannabis is guilty of a Class A misdemeanor[.]"  720 ILCS 550/5(b) (West 2010).

¶ 21     Upon review of the record, we find no evidence of a felony violation of the Act which is required for forfeiture of a vehicle.  See *One 2000 Ford F-350 Pickup Truck*, 338 Ill. App. 3d at 582.  The evidence at trial established that only 6.6 grams of cannabis were recovered from claimant's person.  Pursuant to sections 4 and 5 of the Act this amount of cannabis, even if intended for sale or distribution, equates only to a misdemeanor, not a felony.  See 720 ILCS 550/4(b) and 5(b) (West 2010).  The State's witness, Officer Sense, also confirmed that the cannabis recovered from claimant was only a misdemeanor quantity.

¶ 22     We see no other evidence in the record of any other property described in paragraphs one or two of section 12(a) that would constitute a felony violation of the Act as required in section 12(a)(3) for forfeiture of claimant's GMC.  See 720 ILCS 550/12(a)(3) (West 2010).  Accordingly, we find the trial court erred when it entered its forfeiture judgment and order denying claimant's motion to reconsider.  In light of our decision here, we need not address the other arguments raised by claimant.

CONCLUSION

¶ 23     For the foregoing reasons, the judgment of the circuit court of Cook County and April 22, 2013 order denying claimant's motion to reconsider are reversed.

1-13-1658

¶ 24    Reversed.