THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KARRIE M. PAYNE, Defendant-Appellee.

Second District   No. 2—94—0976

Opinion filed February 14, 1996.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, Charles M. Schiedel, of State Appellate Defender's Office, of Springfield, and Kim Robert Fawcett, of State Appellate Defender's Office, of Chicago, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Karrie M. Payne, was charged with driving while her driver's license was suspended (625 ILCS 5/6—303(a) (West 1992)) and with the operation of an uninsured vehicle (625 ILCS 5/3—707 (West 1992)). The trial court granted the defendant's motion to quash her arrest and suppress the evidence. The State filed a certificate of impairment and brought this appeal, raising one issue for review: whether a police officer may stop a vehicle solely on the basis of a perceived violation of the Child Passenger Protection Act (Act) (625 ILCS 25/1 et seq. (West 1992)). We answer that question in the affirmative.

The defendant was driving with her four-year-old son in the car when she was stopped by the police. The defendant's son was restrained with a seat belt. The police officer who stopped the car saw the child and believed that he was under the age of four. The officer decided to stop the car on that basis. See 625 ILCS 25/4 (West

1992) (child under four years old must be secured in a child restraint system while a passenger in a motor vehicle). After determining that the child was over four years old, the officer ran a check on the defendant's driver's license and asked for proof of insurance. As a result, the officer issued the two tickets.

The defendant challenged her arrest, arguing that the officer did not have grounds to stop her vehicle. The trial court determined that the Act should be read *in pari materia* with section 12—603.1 of the Illinois Vehicle Code (Code) (625 ILCS 5/12—603.1 (West 1992)). The court found that the stop was unjustified because the officer could not stop the vehicle for a perceived violation of the Act. The State timely appealed.

■ The resolution of this appeal turns on statutory interpretation. In interpreting a statute, we must ascertain and give effect to the legislature's intent. *People v. Tucker*, 167 Ill. 2d 431, 435 (1995). The language of the statute is the best indicator of legislative intent. *People v. Rissley*, 165 Ill. 2d 364, 391 (1995). We also consider the reason and necessity for the statute, the evil it intended to remedy, and the object it intended to obtain. *Tucker*, 167 Ill. 2d at 435. Where the language is clear, we must enforce the law as written without resorting to other principles of construction. *Rissley*, 165 Ill. 2d at 391.

■ The trial court interpreted the Act by resorting to the doctrine of *in pari materia* to compare the Act with the seat belt statute. The doctrine provides that when two statutes address the same subject, they should be construed together. *People v. 1946 Buick, VIN 34423520*, 127 Ill. 2d 374, 376 (1989). Section 12—603.1 of the Code, the seat belt statute, provides, in relevant part:

> "(a) Each driver and front seat passenger of a motor vehicle operated on a street or highway in this State shall wear a properly adjusted and fastened seat safety belt; except that, a child less than 6 years of age shall be protected as required pursuant to the Child Passenger Protection Act. ***
>
> * * *
>
> (e) No motor vehicle, or driver or passenger of such vehicle, shall be stopped or searched by any law enforcement officer solely on the basis of a violation or suspected violation *of this Section*." (Emphasis added.) 625 ILCS 5/12—603.1 (West 1992).

By contrast, the Act provides that the "State Police shall patrol the public highways and make arrests for a violation of this Act" and "[p]olice officers shall make arrests for violations of this Act occurring upon the highway within the limits of a county, city, village, or unincorporated town or park district." 625 ILCS 25/7 (West 1992). Section 2 of the Act sets forth the legislative purpose of the Act:

"The General Assembly finds that a substantial number of passengers under the age of 6 years riding in motor vehicles, which are most frequently operated by a parent, annually die or sustain serious physical injury as a direct result of not being placed in a child passenger restraint system. The General Assembly further finds that the safety of the motoring public is seriously threatened as indicated by the significant number of traffic accidents annually caused, directly or indirectly, by driver distraction or other impairment of driving ability induced by the movement or actions of unrestrained passengers under the age of 6 years.

It is the purpose of this Act to further protect the health, safety and welfare of motor vehicle passengers under the age of 6 years and the motoring public through the proper utilization of approved child restraint systems." 625 ILCS 25/2 (West 1992). There is no similar legislative purpose expressed for the seat belt statute.

■ The doctrine of *in pari materia* applies only if the statutory section is ambiguous. *1946 Buick*, 127 Ill. 2d at 377. The Act is unambiguous. It clearly provides that the police shall patrol the highways and make arrests for violations of the Act. The legislative policy of preventing accidents and injuries fully comports with that provision. Section 12—603.1 also is unambiguous; subsection (e) prohibits the police from stopping vehicles for a violation of the seat belt statute. See 625 ILCS 5/12—603.1(e) (West 1992). Courts are not at liberty to distort the plain language of the statute in an attempt to legislate public policy. *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 220 (1983). The legislature clearly intended to allow police officers to stop vehicles and make arrests for perceived violations of the Act. We therefore conclude that the trial court erred in quashing the defendant's arrest and suppressing the evidence.

The order of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN, P.J., and HUTCHINSON, J., concur.