2025 IL App (2d) 240362-U
No. 2-24-0362
Order filed June 4, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-1319 |
| DANIEL AMAYA, | ) ) ) | Honorable George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Kennedy and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*: We reject defendant's various points in support of his claim that the child pornography statute in effect when he was sentenced was facially unconstitutional where it specified multiple ways in which child pornography could be committed but classified certain of those offenses as Class X felonies.

¶ 2   Defendant, Daniel Amaya, appeals from an order granting the State's motion to dismiss his petition under section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2022)) for relief from his conviction of child pornography (720 ILCS 5/11-20.1(a)(1) (West 2012)). Defendant argues that the sentencing provision for that offense, which deemed it a Class

X felony if the pornographic material involved a moving image, was facially unconstitutional and void. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was indicted on one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2010)) (count I), three counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2012)) (counts II, III, and IV), and two counts of child pornography (counts V and VI). Count V alleged that on or about May 8, 2012, defendant used a cell phone to video record C.L. (whom defendant knew to be at least 13 years of age, but under 18 years of age) engaged in an actual or simulated act of penetration with defendant, who placed his penis in C.L.'s mouth. The allegations of count VI were essentially identical to those of count V, except that the alleged act of penetration was defendant's placement of his penis in C.L.'s sex organ. Following a jury trial, defendant was found guilty of all six counts, but the trial court granted defendant's motion for judgment notwithstanding the verdict on counts I and II. The court also concluded that count VI merged into count V. On September 12, 2013, the court sentenced defendant to 11-year prison terms on counts III and IV. The court sentenced defendant to an 18-year prison term on count V and ordered all three sentences to be served consecutively.

¶ 5     Defendant appealed. We corrected an apparent clerical error in the sentencing order but otherwise affirmed defendant's conviction and sentence. *People v. Amaya*, 2015 IL (2d) 131077-U, ¶ 15. In July 2016, defendant filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)), and the trial court appointed counsel to represent defendant. The State successfully moved to dismiss the petition, and defendant appealed. The trial court appointed the Office of the State Appellate Defender to represent defendant. Appellate counsel moved to withdraw per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*,

251 Ill. App. 3d 63 (1993). We granted the motion and affirmed the dismissal of defendant's postconviction petition. *People v. Amaya*, No. 2-22-0022 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6 On February 14, 2024, defendant filed his section 2-1401 petition. As noted, he claimed that the sentencing provision for child pornography was facially unconstitutional. The State moved to dismiss the petition. The trial court rejected defendant's constitutional challenge and dismissed the petition. This appeal followed.

¶ 7 II. ANALYSIS

¶ 8 At the outset, we consider the State's argument that we should deem forfeited defendant's constitutional challenge to the child pornography statute because he did not serve the attorney general with notice of his challenge. Illinois Supreme Court Rule 19(a) (eff. Sept. 1, 2006) provides:

"In any cause or proceeding in which the constitutionality or preemption by federal law of a statute, ordinance, administrative regulation, or other law affecting the public interest is raised, and to which action or proceeding the State or the political subdivision, agency, or officer affected is not already a party, the litigant raising the constitutional or preemption issue shall serve an appropriate notice thereof on the Attorney General, State's Attorney, municipal counsel or agency attorney, as the case may be."

Defendant claims that no notice to the attorney general was necessary, because the state's attorney is a party to this proceeding. However, "Rule 19 *** has generally been understood to require notice to the [a]ttorney [g]eneral whenever the constitutionality of a state statute is challenged." *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 117 (2004). Defendant does not dispute that he never notified the attorney general, and indeed, no such notice appears in the record. However,

compliance with Rule 19 is not a jurisdictional prerequisite. *Id.* at 118-19. Failure to comply results at most in forfeiture, but courts may excuse noncompliance. *Id.* at 119. We chose to overlook the lack of notice and address the merits of defendant's constitutional argument.

¶ 9     Section 2-1401(a) of the Civil Code provides:

"Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. Writs of error coram nobis and coram vobis, bills of review, and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered. Except as provided in the Illinois Parentage Act of 2015, there shall be no distinction between actions and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief, or the relief obtainable." 735 ILCS 5/2-1401(a) (West 2022).

¶ 10     "[S]ection 2-1401 of the [Civil] Code represents a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Section 2-1401 has its roots in the common law writ of *coram nobis*, which "was intended to bring to the court's attention factual matters that, if known to the court before entry of judgment, would have precluded entry of that judgment." *Id.* ¶ 32. However, a section 2-1401 petition "may also raise a legal challenge to a final judgment or order." *Id.* ¶ 41. For instance, a section 2-1401 petition may challenge a judgment as void. See *People ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL 126927, ¶ 16. The two-year limitations period for section 2-1401 petitions (see

735 ILCS 5/2-1401(c) (West 2022)) does not apply to voidness challenges (*Alvarez*, 2022 IL 126927, ¶ 16) because, "[u]nder Illinois law, a party may challenge a judgment as being void at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints" (*LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38).

¶ 11    A judgment is void "(1) when it is entered by a court that lacked personal or subject-matter jurisdiction or (2) when it is based on a statute that is facially unconstitutional and void *ab initio*." *People v. Smollett*, 2024 IL 130431, ¶ 65. Defendant does not dispute that the trial court had both personal and subject-matter jurisdiction. Rather, he argues that the statutory provision under which he was sentenced—section 11-20.1(c) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/11-20.1(c) (West 2012))—was facially unconstitutional. "[A] facial challenge requires a showing that the statute is unconstitutional under any set of facts, *i.e.*, the specific facts related to the challenging party are irrelevant." *People v. Thompson*, 2015 IL 118151, ¶ 36.

¶ 12    Notably, to the extent that defendant's challenge cannot be construed as a voidness challenge based on facial unconstitutionality (see *infra* ¶ 25), his petition would procedurally fail because he has not attempted to satisfy the diligence elements of a section 2-1401 challenge or excuse his failure to file his petition within the section's two-year limitations period. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

¶ 13    We review *de novo* a dismissal on the merits of a section 2-1401 petition that presented a legal challenge to the judgment. *Walters*, 2015 IL 117783, ¶ 47.

¶ 14    During the relevant time frame, section 11-20.1(a) of the Criminal Code (720 ILCS 5/11-20.1 (West 2012)) provided:

"A person commits child pornography who:

(1) films, videotapes, photographs, or otherwise depicts or portrays by means of any similar visual medium or reproduction *or depicts by computer* any child whom he or she knows or reasonably should know to be under the age of 18 and at least 13 years of age or any severely or profoundly intellectually disabled person where such child or severely or profoundly intellectually disabled person is:

(i) actually or by simulation engaged in any act of sexual penetration or sexual conduct with any person or animal; or

(ii) actually or by simulation engaged in any act of sexual penetration or sexual conduct involving the sex organs of the child or severely or profoundly intellectually disabled person and the mouth, anus, or sex organs of another person or animal; or which involves the mouth, anus or sex organs of the child or severely or profoundly intellectually disabled person and the sex organs of another person or animal; or

(iii) actually or by simulation engaged in any act of masturbation; or

(iv) actually or by simulation portrayed as being the object of, or otherwise engaged in, any act of lewd fondling, touching, or caressing involving another person or animal; or

(v) actually or by simulation engaged in any act of excretion or urination within a sexual context; or

(vi) actually or by simulation portrayed or depicted as bound, fettered, or subject to sadistic, masochistic, or sadomasochistic abuse in any sexual context; or

(vii) depicted or portrayed in any pose, posture or setting involving a lewd exhibition of the unclothed or transparently clothed genitals, pubic area, buttocks,

or, if such person is female, a fully or partially developed breast of the child or other

person." (Emphasis added.)

¶ 15    The emphasized words ("or depicts by computer") were added by section 50-5 of "An Act to Create a Safe Neighborhoods Law" (Safe Neighborhoods Law) (Pub. Act 88-680, § 50-5 (eff. Jan. 1, 1995)). Thereafter, the Safe Neighborhoods Law was declared unconstitutional because it violated our state constitution's single subject clause (Ill. Const. 1970, art. IV, § 8(d)). *People v. Cervantes*, 189 Ill. 2d 80, 98 (1999). However, on June 30, 1999, the General Assembly reenacted section 11-20.1 with the text as it was amended by the Safe Neighborhoods Law. See Pub. Act 91-54 (eff. June 30, 1999). In the reenacted section 11-20.1, the sentencing provision—subsection (c)—made any violation of subsection (a)(1) a Class 1 felony with a minimum fine of $2,000 and a maximum fine of $100,000. 720 ILCS 5/11-20.1(c) (West 2000). Later, subsection (c) was amended effective January 1, 2012 (see Pub. Act 97-157, § 5 (eff. Jan. 1, 2012) (amending 720 ILCS 5/11-20.1(c)). Under the amended subsection (c), a section 11-20.1(a)(1) violation "[that] does not involve a film, videotape, or other moving depiction, *** is a Class 1 felony with a mandatory minimum fine of $2,000 and a maximum fine of $100,000," but "[i]f the violation involves a film, videotape, or other moving depiction, [it] is a Class X felony with a mandatory minimum fine of $2,000 and a maximum fine of $100,000." 720 ILCS 5/11-20.1(c) (West 2012).

¶ 16    Defendant frames the issue on appeal as "[w]hether this court should review the constitutionality of [section 11-20.1], as the lower court failed to apply the plain language of the statute[.]" The argument centers on the classification of a child pornography offense as a Class X felony if it "involve[s] a film, videotape, or other moving depiction[.]" *Id.* It is firmly established that "[t]he cardinal rule in construing a statute is to ascertain and give effect to the legislative intent." *In re Jarquan B.*, 2017 IL 121483, ¶ 22. Moreover, "the most reliable indicator of that

intent is the plain and ordinary meaning of the statutory language itself." *Id.* Where statutory language is clear and unambiguous, courts will give effect to the statute's plain meaning. *People v. Clark*, 2024 IL 127838, ¶ 70. "A statute is deemed ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different ways." *People v. Stewart*, 2022 IL 126116, ¶ 13.

¶ 17    The applicable statutory language here is unambiguous. During the relevant time frame, section 11-20.1(a)(1) of the Criminal Code provided that a person commits child pornography if he or she "films, videotapes, [or] photographs *** any child whom he or she knows or reasonably should[ ] know to be under the age of 18 and at least 13 years of age *** where such child *** is[ ] actually or by simulation engaged in any act of sexual penetration or sexual conduct with any person." The meaning of this language is abundantly clear. Equally clear is the applicable language of subsection (c): "If the violation involves a film, videotape, or other moving depiction, [it] is a Class X felony with a mandatory minimum fine of $2,000 and a maximum fine of $100,000." We fail to see how reasonably well-informed persons could disagree about what this language means. There is no dispute that defendant committed child pornography; thus, if his violation involved a "moving depiction" (*e.g.*, a cell phone video), he committed a Class X felony.

¶ 18    Defendant nonetheless asserts that the maxims *expressio unius est exclusio alterius* and *in pari materia* establish that, for purposes of sentencing a defendant found guilty of child pornography, the General Assembly did not intend to distinguish between still images and moving images. However, there is no need to resort to those maxims unless a statute is ambiguous. See *People v. Payne*, 277 Ill. App. 3d 1000, 1003 (1996) (*in pari materia*); *People v. Dunlap*, 110 Ill. App. 3d 738, 743 (1982) (*expressio unius est exclusio alterius*). To be sure, conduct is child pornography under subsection (a)(1) of section 11-20.1 whether it involves still or moving images,

whereas subsection (c) provides for different offense classifications depending on whether the child pornography involves still or moving images. That asymmetry, however, does not amount to ambiguity.

¶ 19    Defendant also argues that, notwithstanding the January 1, 2012, amendment classifying violations of the child pornography statute based on whether they involve still or moving images, courts should adhere to the intent of the General Assembly when, years earlier, it reenacted the statute and drew no such distinction between still and moving images.[1] In support of this argument, defendant relies on language in *Carmichael v. Laborers' & Retirement Board Employees' Annuity & Benefit Fund of Chicago*, 2018 IL 122793, ¶ 50.

¶ 20    In *Carmichael*, the plaintiffs challenged Public Act 97-651 (eff. Jan. 5, 2012), which amended portions of the Illinois Pension Code. *Id.* ¶ 1. One new provision concerned the calculation of the highest average annual salary earned by certain public employees, which was a factor in determining the employees' retirement benefits. *Id.* ¶ 9. The new provision, which excluded certain salary income that pension fund administrators had long included in the calculation, stated that it was " 'a declaration of existing law and shall not be construed as a new enactment.' " *Id.* (quoting 40 ILCS 5/11-217(e) (West 2012)). The plaintiffs contended that (1) the new method of calculating an employee's highest average annual salary violated article XIII, section 5, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. XIII, § 5) by impairing the employee's pension benefits (*Carmichael*, 2018 IL 122793, ¶ 13) and (2) the State could not

---

[1]Contrary to defendant's assertion, the Safe Neighborhoods Law amended the child pornography statute but did not reenact it. Rather, in 1999, after the Safe Neighborhoods Law was declared unconstitutional, the General Assembly reenacted the child pornography statute with the text as it was amended in 1995 by the Safe Neighborhoods Law.

circumvent the constitutional protection of those rights by characterizing the amendment as declarative of existing law (*id.* ¶ 40).

¶ 21 The *Carmichael* court concluded that, before the enactment of Public Act 97-651, the Illinois Pension Code was ambiguous about what types of salary income were included in the calculation. *Id.* ¶ 42. In resolving the ambiguity, the court relied, in part, on the principle that a pension statute should be liberally construed in favor of the pension plan participants. *Id.* ¶ 50. The court rejected the State's argument that, notwithstanding any ambiguity, by enacting Public Act 97-651, the General Assembly simply clarified what the statute was always intended to mean. *Id.* ¶ 49. The *Carmichael* court responded with the language defendant relies on here: "the legislative intent that controls the construction of a public act is the intent of the legislature that passed that act, not the intent of the legislature that amends the act many years later." *Id.* ¶ 50.

¶ 22 Defendant's reliance on *Carmichael* is clearly misplaced. *Carmichael* merely held that the General Assembly could not declare the intent behind a previously enacted statute. That is not what occurred in this case. Here, the General Assembly amended a statute without declaring the intent underlying the preamended version. Defendant would have us ignore the clear language of amendments in a misguided attempt to preserve the intent behind the preamended version. *Carmichael* does not authorize such action.

¶ 23 Defendant also asserts:

"Since the [l]egislature only meant for there to be one punishment regardless of how the act was committed, 'moving' or 'non-moving' and the definitions which govern the entire statute reinforces [*sic*] the legislature's intent, then the sentencing ranges which were modified by [Public Act 97-157] cannot be enforced without it violating the proportionate penalty clause of the [Illinois Constitution of 1970 (Ill. Const 1970, art. I,

§ 11)] and the due process clause of both the U.S. [and Illinois constitutions]." [U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2]."

In his opening brief, defendant advances no argument supporting his assertion that the current statute violates either constitutional guarantee. Bare contentions unsupported by a developed argument are insufficient to merit appellate review. *People v. Snow*, 2012 IL App (4th) 110415, ¶ 11. Although defendant's reply brief offers a more developed argument in support of his proportionate penalties challenge (but not his due process challenge), arguments made for the first time in a reply brief are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 24    Forfeiture aside, the proportionate penalties challenge is meritless. As pertinent here, "[a] statute violates the proportionate penalties clause if *** the penalty is harsher than the penalty for a different offense containing identical elements." *People v. Hilliard*, 2023 IL 128186, ¶ 20. In this case, there is but a single offense that can be committed in different ways, with penalties differing based on how the offense is committed.

¶ 25    In his reply brief, defendant also argues for the first time that, based on the trial evidence and the jury instructions, it is possible that the jury found defendant guilty based on a still photograph, not a video. Therefore, "[g]iven the actual elements of the crime and the jury instruction, it was a mistake to give [defendant] a Class X sentence." Even if this argument were not forfeited by defendant's failure to raise it in his opening brief, it has nothing to do with the *facial* validity of the child pornography statute. Rather, defendant's complaint is essentially that the statute's Class X sentencing provision (see 720 ILCS 5/11-20.1(a)(1) (West 2012)) was *improperly applied* in his case. See *Thompson*, 2015 IL 118151, ¶ 36 ("An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party."). Defendant does not appear to contend that the statute

would be constitutionally infirm if applied according to what he believes was the true legislative intent. A particular court's misapplication of a statute is not grounds for finding the statute facially unconstitutional.

¶ 26                                     III. CONCLUSION

¶ 27     For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 28     Affirmed.